# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45205

| | | |
|---|---|---|
| CHAD R. ERICKSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Boise, April 2019 Term |
| | ) | |
| v. | ) | Substitute Opinion filed: October 4, 2019 |
| | ) | |
| THE IDAHO BOARD OF LICENSURE OF PROFESSIONAL ENGINEERS AND PROFESSIONAL LAND SURVEYORS and KEITH SIMILA, in his capacity as Executive Director of the Idaho Board of Licensure of Professional Engineers and Professional Land Surveyors, | ) ) ) ) ) ) ) | Karel A. Lehrman, Clerk  SUBSTITUTE OPINION, THE COURT'S PRIOR OPINION DATED MAY 14, 2019, IS HEREBY WITHDRAWN. |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Idaho County. Gregory FitzMaurice, District Judge.

The opinion of the district court is <u>reversed</u> and the Board's order against Erickson is <u>vacated</u>.

Chad R. Erickson, appellant *pro se*.

Michael J. Kane & Associates, PLLC, Boise, for respondent.
Michael J. Kane argued.

---

MOELLER, Justice

## I.    NATURE OF THE CASE

The Idaho Board of Licensure of Professional Engineers and Professional Land Surveyors (the Board), through its executive director, Keith Simila, brought disciplinary proceedings against Chad R. Erickson for allegedly violating certain statutes and rules governing the surveying profession. Following an administrative hearing, the Board found that Erickson violated a number of the statutes and rules alleged and revoked his license as a professional land surveyor. Erickson sought judicial review by the district court. On review, the district court upheld the Board's finding that Erickson had committed certain violations; however, the district court reversed the portion of the Board's Order revoking Erickson's license and remanded the

1

matter for further consideration of the appropriate sanction. Erickson appeals from the district court's decision, arguing that the evidence does not support the Board's finding of any violations. In addition, Erickson asserts that numerous procedural errors made by the Board necessitate reversal. For the reasons stated below, we reverse.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A. <u>Erickson's survey of Section 24</u>.

The underlying controversy surrounding the Board's disciplinary action began when Erickson, a licensed professional land surveyor in Idaho, prepared a record of survey for his clients, Sydney and Dorothy Walker (the Walkers), on July 27, 2010. In that survey, Erickson rejected an original stone monument, known as the Carl Edwards monument,[1] located at the southwest corner of Section 24, Township 30 North, Range 3 East, Boise Meridian, Idaho County, Idaho ("Section 24"), by moving the corner approximately 272 feet to the south in favor of the Walkers. Erickson failed to note in the survey of record a parcel of land owned by the Grangeville Highway District, thereby implying the Walkers owned the parcel.

Erickson also authored a survey report in July 2010, explaining his reasons for relocating the monument, many of which the Board found to be "significantly faulty." The report also speculated that the Walkers' adjoining neighbors, Diane and Richard Badertscher (the Badertschers), had encroached upon the Walkers' property by building a fence based upon a survey from 1996 that Erickson claimed was incorrect. Since Erickson's surveys, there has been ongoing litigation concerning the true location of the boundaries to the neighboring properties.

On December 29, 2011, Erickson sent the Walkers a document titled "Report on the Southwest Corner of Section 24." This document was unstamped and unsigned. In that document, Erickson stated that his original conclusions in the 2010 survey of record and survey report were erroneous. However, he continued to reject the Carl Edwards monument, referring to both it and his newly monumented corner as "bogus." It appears Erickson was willing to relocate the corner to its "correct" location if the Walkers paid him to do so. However, the Walkers chose not to rehire Erickson. There is no evidence in the record to suggest that Erickson filed an amended corner record or an amended record of survey to memorialize or correct his mistake.

---

[1] The monument is known as the Carl Edwards monument because Carl Edwards found and "remonumented" the original stone in 1977. "Remonumentation" is defined as "[t]he construction of a corner monument (iron post, rock cap or concrete monument) at the position of an original monument as determined from proper measurement from its original accessories." GLOSSARIES OF BLM SURVEYING AND MAPPING TERMS, "*Remonumentation*," p. 55, U.S. Department of the Interior, Bureau of Land Management (2003).

In March 2015, Erickson published an article in *American Surveyor* magazine, justifying his rejection of the Carl Edwards monument. In that article, he cited information not mentioned in his original survey report to the Walkers. Prior to the publication of his article, Erickson recorded a document nearly identical to the article, entitled "Survey Report," with the Idaho County Courthouse. Erickson's article and survey report allegedly contained negative references about the Walkers and the surveyor they hired to replace him.[2]

## B. **Disciplinary proceedings by the Board.**

On February 24, 2011, the Board received a letter from the Badertschers styled as a "complaint" against Erickson. However, the letter was not a formal complaint as it was unsworn. The Board initiated an investigation into the allegations made in the letter. On May 5, 2011, the Board entered an order extending the time to investigate the matter raised in the letter. In addition to the Badertschers' letter, the Board received a letter from Dorothy Walker on March 31, 2015, alleging similar complaints regarding Erickson. On June 10, 2015, the Board also extended the time to investigate the charges alleged by the Walkers. Both letters related to the 2010 survey.

Upon completion of the Board's investigation, Simila, the Executive Director of the Board, filed a complaint against Erickson on October 28, 2015. The complaint alleged that Erickson violated a number of Idaho statutes and the Idaho Rules of Professional Responsibility for professional engineers and land surveyors. An administrative hearing regarding the complaint was set for June 20, 2016, through June 22, 2016. While the administrative matter was proceeding, Erickson prematurely filed a petition for judicial review with the district court, which was dismissed on June 13, 2016, primarily due to a lack of jurisdiction.

On the first day of the administrative hearing, Erickson orally requested a continuance, on the grounds that the district court entered its June 2016 order dismissing Erickson's petition for judicial review less than one week prior to the administrative hearing. Simila's counsel provided the Board with evidence of an offer it made to vacate and reschedule the June 20, 2016, hearing in return for Erickson agreeing to the date set by the Board. Erickson declined the offer. Therefore, the Board denied his request for a continuance.

---

[2] The allegations that Erickson made disparaging comments about his clients and another surveyor, contained in Counts 4, 5, and 6 of the complaint, were dismissed by the Board in its Findings of Fact, Conclusions of Law, and Order dated, August 17, 2016.

Erickson also moved to disqualify the entire Board, claiming that each member was personally biased against him. The Board denied the motion, although one Board member recused himself from the proceedings. Additionally, Erickson moved to disqualify the Board's expert witness, John Elle, who was also a Board member but participated only as an expert at the hearing. The Board also denied this motion. Erickson never objected to Elle's qualifications as an expert during the administrative hearing.

The first two days of the hearing were primarily devoted to the direct and the cross-examinations of the expert witness, Elle, and examination of the complainant, Simila. On the third day of the hearing, Erickson moved for a mistrial. The Board denied his motion. Erickson then moved for a sixty-day continuance. Simila's counsel offered to allow Erickson to submit additional evidence after the hearing had ended if he was willing to allow the proceeding to continue. Erickson apparently rejected this offer. The Board denied Erickson's motion for a continuance.

Following the denial of his motion, Erickson stated he "can't take anymore" and "need[ed] a break." He also mentioned his age and that he has "heart problems." The Board recessed to allow Erickson and Simila's attorney time to come to a resolution. During the recess, Erickson left the proceedings. He did not present his case, nor did he complete his cross-examination of Simila. The Board decided to proceed and conducted the remainder of the hearing without Erickson present. Erickson subsequently failed to produce any evidence or documentation evincing a health problem or emergency sufficiently serious enough to justify simply walking away from the proceedings.

The Board entered its Order on August 17, 2016, dismissing the majority of claims made in Simila's complaint, but finding that Erickson had violated several Idaho statutes and the Rules of Professional Responsibility for professional engineers and land surveyors. The Board determined that the violations were of a serious nature and thereby revoked Erickson's license as a professional land surveyor.

Erickson petitioned the district court for review of the Board's Order. The district court granted the petition and entered its Substituted Judicial Review Opinion on May 11, 2017. Although the district court generally found that the Board's findings were supported by substantial evidence, the district court reversed the Board's decision to revoke Erickson's

4

license, finding that revocation was an unreasonable sanction based on the facts. Erickson timely appealed.

## III. STANDARD OF REVIEW

Judicial review of an agency action is governed by section 67-5270(1) of the Idaho Administrative Procedure Act. I.C. § 67-5201, *et seq*. The Board is an "agency" under section 67-5201(2). When an agency is required to issue an order, as it did here,[3] section 67-5279(3) controls:

> [T]he court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:
>
> > (a) in violation of constitutional or statutory provisions;
> > (b) in excess of the statutory authority of the agency;
> > (c) made upon unlawful procedure;
> > (d) not supported by substantial evidence on the record as a whole; or
> > (e) arbitrary, capricious, or an abuse of discretion.
>
> If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary.

*Id.* Notwithstanding the provisions of section 67-5279(3), "agency action shall be affirmed unless substantial rights of the appellant have been prejudiced." I.C. § 67-5279(4). There is a "strong presumption of validity" in favor of an agency's actions. *Cooper v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 134 Idaho 449, 454, 4 P.3d 561, 566 (2000).

In *Paul v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, we explained how this Court is to apply the factors set forth in section 67-5279(3):

> The Court reviews the agency record independently of the district court's decision. The Court defers to the agency's findings of fact unless those findings are clearly erroneous. This Court may not substitute its judgment for that of the agency as to the weight of evidence presented in the record. The agency's findings must be affirmed unless the findings are not supported by substantial evidence on the record as a whole or the findings are arbitrary, capricious or an abuse of discretion. Substantial evidence is more than a scintilla of proof, but less than a preponderance.

134 Idaho 838, 840, 11 P.3d 34, 36 (2000) (internal citations omitted).

Unlike the Board's factual findings, this Court exercises free review over questions of law. *Podsaid v. State Outfitters & Guides Licensing Bd.*, 159 Idaho 70, 73, 356 P.3d 363, 366 (2015). "The interpretation of a statute is a question of law subject to free review." *Kimbrough v.*

---

[3] An agency shall not revoke a license unless it provides an opportunity for a contested case. I.C. § 67-5254(1). A "contested case" is "a proceeding which results in the issuance of an order." I.C. § 67-5201(6).

*Idaho Bd. of Tax Appeals*, 150 Idaho 417, 420, 247 P.3d 644, 647 (2011). However, the determination of when an action accrues for purposes of the statute of limitations, "may be a question of law or a question of fact, depending upon whether any disputed issues of material fact exist." *Kimbrough v. Reed*, 130 Idaho 512, 516, 943 P.2d 1232, 1236 (1997). Where there is no dispute over any issue of material fact regarding when the cause of action accrues, the question is one of law for determination by the court. *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 148, 90 P.3d 894, 898 (2004).

## IV. ANALYSIS

### A. The Board's October 28, 2015, complaint is time-barred.

Erickson argues that the Board violated the time limits set forth in IDAPA 10.01.02.011.01 and Idaho Code section 54-1220(2).[4] He asserts that the Board was aware of the allegations against him beginning in 2011, more than four years prior to the submission of the Executive Director's complaint against him. Therefore, he claims the Board's complaint is barred by IDAPA 10.01.02.011.01. The Board argues that it did not violate section 54-1220(2) because it filed orders extending the time limit; however, the Board did not address whether its complaint is barred under IDAPA 10.01.02.011.01. The district court did not address the time limit issues, despite Erickson repeatedly raising them below.

Idaho Code section 54-1220(1) permits "any affected party" to file a complaint with the Board. The same statute provides that the Executive Director of the Board "shall be considered an affected party" and may be the complainant in a disciplinary action against a licensee:

> Any affected party may prefer charges of fraud, deceit, gross negligence, incompetence, misconduct or violation of any provision of this chapter, or violation of any of the rules promulgated by the board against any individual licensee or certificate holder . . . . Such charges shall be in writing, and shall be sworn to by the person or persons making them and shall be filed with the executive director of the board. The executive director of the board shall be considered an affected party and may be the person making and filing the charges.

---

[4] Both parties seem to have acknowledged at oral argument that the Board did not violate section 54-1220(2). Idaho Code section 54-1220(2) provides, "[a]ll charges, unless dismissed by the board as unfounded or de minimis, or unless settled informally, shall be heard by the board within six (6) months after the date they were received at the board office *unless such time is extended by the board for justifiable cause*." (emphasis added). The Board issued orders on May 5, 2011, and June 15, 2015, extending the six-month time limit for both the Badertscher complaint and the Walker complaint. Therefore, the Board did not violate the time limit set forth in section 54-1220(2). However, this does not affect this court's analysis of the two-year filing requirement contained in IDAPA 10.01.02.011.01.

6

I.C. § 54-1220(1). Affidavits filed under IDAPA 10.01.02.011.01 are equivalent to complaints under section 54-1220(1) and must be filed with the Board within two years after the complainant discovers the matter:

> Any person who believes that a Licensee or Certificate Holder by his actions, or failure to properly act, is guilty of fraud, deceit, negligence, incompetence, misconduct, or violation of these rules, or any applicable statute, may file a written affidavit with the Executive Director of the Board which shall be sworn to or affirmed under penalty of perjury, signed and in which the alleged rule and statute violations shall be clearly set forth and that the applicable Licensee or Certificate Holder, or both, should be considered for the appropriate disciplinary action by the Board. Following the receipt of such affidavit, the Board may investigate, hold hearings and adjudicate the charges. *The Board will not accept an affidavit more than two (2) years after discovery of the matter by the complainant.*

IDAPA 10.01.02.011.01 (emphasis added). The emphasized language was added in 2012. Prior to 2012, the administrative rule stated, "Proceedings shall be exempt from all statutes of limitation."

Therefore, the plain reading of the applicable statute and agency regulation in effect at the time Simila filed his complaint against Erickson mandates that the complaint should have been filed with the Board within two years after the date of discovery. Even if this Court concluded that the statute of limitations began to run on the effective date of the amendment to IDAPA 10.01.02.011.01 in 2012, the complaint would still be late. *See Esquivel v. State*, 128 Idaho 390, 391, 913 P.2d 1160, 1161 (1996) ("[w]hen a statutory period of limitation is amended to reduce the limitation period, the party whose right accrued before the effective date of the amendment cannot be heard to complain if he is given the full time allowed for action according to the terms of the amended statute from and after the effective date of the amended statute." (quoting *University of Utah Hosp. on Behalf of Harris v. Pence*, 104 Idaho 172, 175, 657 P.2d 469, 472 (1982))). This principle applies equally to regulations. *See* I.C. § 54-1208 (Administrative rules cannot be "[i]nconsistent with the constitution and laws of this state . . . ."); I.C. § 67-5224(5) ("A rule which is final and effective may be applied retroactively, as provided in the rule.").

Here, the Board received three complaints related to Erickson's actions regarding a survey he completed in 2010. The first was sent by the Badertschers, which the Board received on February 24, 2011. This complaint does not constitute a formal complaint under the Rules because it was unsworn. The second was sent by the Walkers, which the Board received on

7

March 31, 2015. This was "one of the precursors to the Complaint brought by the Board staff in this matter," but was found by the Board to be insufficient by itself as it "[d]id not meet the test for clear and convincing evidence of a violation of the statute or rule." The third was filed by the Executive Director, Simila, which the Board received on October 28, 2015. Simila's complaint[5] satisfies all the conditions of an affidavit contemplated by IDAPA 10.01.02.011.01, as it is in written form and sworn under penalty of perjury. Thus, the requirement that an affidavit be submitted to the Board was eventually satisfied in this case. The critical issue, then, is whether the Board's own regulations bar it from accepting Simila's complaint.

The Board first discovered the matters charged in the October 2015 complaint in 2011 after the Badertschers sent their letter about Erickson's conduct regarding the survey of their neighbor's land. In fact, the Board stated in its May 2011 Order to the Badertschers that it was investigating the allegations made in the letter. The Board also stated in its August 2017 Order that "The *controversy in this matter* began with the preparation and stamping of a record of survey and report of a survey made by Mr. Erickson on behalf of his clients Sydney and Dorothy Walker. The record of survey was stamped and signed by Mr. Erickson on *July 27, 2010*." (Emphasis added). Therefore, the Board discovered the matter more than four years prior to Simila filing his complaint (affidavit) against Erickson on October 28, 2015. Consequently, the Board should not have accepted the complaint as it is time-barred under IDAPA 10.01.02.011.01.

The Board has not argued that any specific allegation of professional misconduct against Erickson, for which they found a violation had occurred, was discovered less than two years prior to the date Simila's complaint was filed. Therefore, the Court will not parse out each individual allegation of misconduct to determine whether it was timely brought. As counsel for the Board explained at oral argument, the Walker complaint and the Badertscher complaint overlap quite significantly, and the record is unclear as to which counts were discovered when. The professional misconduct found to exist by the Board, and subsequently affirmed by the district court—all relating back to actions committed by Erickson in 2010 and 2011—was disclosed to the Board no later than 2011.

The timeliness of the Board's complaint was first asserted as an issue by Erickson below. Although the Board suggests that Erickson waived the issue, the record confirms that he

---

[5] Simila refers to himself as the "complainant" in the complaint.

8

specifically pled the statute of limitations in his original answer to the agency action at least 25 times, citing IDAPA 10.01.02.011.01 and section 54-1220(2) in every instance. This was ignored by the Board in its original ruling. Erickson then reasserted the issue on judicial review. The Board acknowledged that Erickson had raised this issue in its brief to the district court, yet it only responded to his argument concerning section 54-1220(2). Erickson's argument under IDAPA 10.01.02.011.01 was not addressed by the Board and the court. As explained above, the failure to comply with IDAPA 10.01.02.011.01 rendered the Board's action against Erickson untimely and, therefore, this issue is dispositive. Accordingly, the district court's Substituted Judicial Review Opinion is reversed and the Board's Order is vacated because it was made upon unlawful procedure. I.C. § 67-5279(3)(c).

B. **The Court need not address the remaining issues.**

Because we dispose of this appeal on procedural grounds, we need not address the remaining issues raised by Erickson.

## V. CONCLUSION

We reverse the district court's opinion as a matter of procedure and vacate the Board's order against Erickson because it is time-barred.

Chief Justice BURDICK, and Justices BRODY, BEVAN and Justice Pro Tem GASKILL **CONCUR.**