**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 41397/41398**

| | | |
|---|---|---|
| A.T. "SANDY" PODSAID, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Lewiston, April 2015 Term |
| | ) | |
| v. | ) | 2015 Opinion No. 66 |
| | ) | |
| STATE OF IDAHO OUTFITTERS AND | ) | Filed:  July 14, 2015 |
| GUIDES LICENSING BOARD, a State | ) | |
| agency, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Respondent. | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County.  Hon. Fred M. Gibler, District Judge.

District court ruling in Idaho Outfitters and Guides Licensing Board decision, dismissed in part, affirmed in part and remanded.

James, Vernon & Weeks, P.A., Coeur d'Alene, for appellant.  Susan P. Weeks argued.

Michael Kane & Associates, Boise, for respondent.   Michael J. Kane argued.

_____

BURDICK, Chief Justice

This case consolidates two appeals from the Shoshone County district court.  The first case arose from the Idaho Outfitters and Guides Licensing Board's decision to terminate A.T. "Sandy" Podsaid's guide license on December 31, 2008, under the terms of a settlement agreement between Podsaid and the Board. The second case arose from the Board's decision to treat Podsaid's 2009 guide license renewal application as a new license application. Podsaid appealed both of the Board's decisions to the Shoshone County district court, which affirmed both decisions, remanding the second case back to the Board.

In the first appeal, the district court entered an order affirming the Board's decision to terminate Podsaid's 2008 license on December 31, 2008.  In the second appeal, the district court determined that the Board properly treated Podsaid's application as a new license application but remanded the case to the Board because the Board had not yet issued a final decision. Podsaid appeals both of the district court's decisions to this Court. We dismiss the first case as moot. As to the second case, we affirm the district court's decision that the Board properly treated the

1

2009–10 license application as a new application and remand to the Board for final agency action.

## BACKGROUND

The Board first issued Podsaid a guide license in August 1986. Podsaid later obtained an outfitter license for his business, AW-Outfitters. In December 2005, Podsaid contracted to sell AW-Outfitters to Randall Parks. In conjunction with that transaction, both Podsaid and Parks applied to be outfitters in the area. After a February 2006 hearing, the Board decided to license Parks as the outfitter for that area and conducted an outfitter denial hearing for Podsaid. Over the next year, a number of administrative complaints were filed against Podsaid, he was issued a probationary guide license, the sale of Podsaid's outfitter business to Parks fell through, and Podsaid sought a sole proprietor outfitter license. Podsaid and the Board ultimately entered into a settlement agreement to resolve all these issues in August 2007. Among the settlement's terms was the following agreement as to Podsaid's request for a sole-proprietor outfitter license for AW-Outfitters:

> Upon signature by the parties on this Settlement Agreement, Respondent Podsaid shall be issued a restricted probationary sole proprietorship outfitter license (a sole proprietor outfitter license is also a guide license), as set forth below.

The probation period for the outfitter license ran through March 31, 2008. The agreement further provided:

> [Podsaid] may seek licensure as an outfitter from April 1, 2008 through December 31, 2008. Upon receipt of a complete and valid license renewal application, the Board shall issue an Outfitters license effective from April 1, 2008 through December 31, 2008, subject to [the same probationary restrictions].

The next paragraph set forth the future of AW-Outfitters:

> It is the intent of the Board that if AW-Outfitters is not sold on or before December 31, 2008, the license shall terminate and the Board shall treat the area as a vacated area and shall open said area for a prospectus in accordance with all applicable statutes, rules, and regulations. If Respondent seeks an extension of the Outfitter license beyond December 31, 2008, the Board will only grant said extension if it is for the sole purpose of selling the Outfitter business and if Respondent has provided good cause for said extension.

The Board adopted the settlement agreement in August 2007.

Podsaid then entered into a contract to sell AW-Outfitters to Darren Thorne and subsequently applied to amend his guide license to allow him to guide for Thorne. The Board held a regular meeting on June 26, 2008, at which it approved the sale of Podsaid's outfitter

business, explained it would terminate Podsaid's outfitter license upon the sale of the business, and permitted an amendment to Podsaid's guide license to allow him to guide for Thorne, with the license to expire on December 31, 2008 as previously agreed in the August 2007 settlement. In April 2008, the Board issued Podsaid a paper copy of his guide license that listed the expiration date as March 31, 2009.

After Podsaid learned that the Board claimed his guide license expired on December 31, 2008, he requested reconsideration, and the Board again affirmed his license would terminate on December 31, 2008. Podsaid appealed that decision and filed a motion to stay the Board's order. The district court granted Podsaid's motion for temporary stay. That stay was lifted in May of 2011.

While Podsaid was contesting his guide license's expiration date, he applied, in December 2008, to renew his guide license for the 2009–10 license year; he amended this application March 30, 2009. The Board sent Podsaid notice of a June 17, 2009, hearing regarding the application. Podsaid did not participate in that hearing. On June 24, the Board's attorneys sent Podsaid a letter informing him of the results of that hearing: that the Board decided to treat the application as a new license application and that the Board had voted to deny the application. The letter also informed Podsaid that he had 21 days in which to request a hearing on the decision. Podsaid did timely request such a hearing but shortly thereafter filed the petition for judicial review.

Ultimately, the district court held a hearing in April 2013, concluding that "the Board's interpretation as to Podsaid's guide license expiring on December 31st of 2008 was correct." The court also upheld the Board's decision that Podsaid's 2009 application was for a new license but remanded the matter to the Board for a hearing on the denial of the application. Podsaid timely appealed both cases.

The issues on this appeal are 1) whether the Board properly terminated Podsaid's guide license on December 31, 2008 and 2) whether the Board properly treated Podsaid's application as a new license application. Each party also seeks attorney fees on appeal.

## ANALYSIS

Podsaid argues first that the district court erred in ruling that the Board properly terminated his guide license on December 31, 2008, and second that the district court erred in finding that the Board did not exceed its statutory authority in treating his 2009 license renewal

3

request as a new license application. We dismiss the first issue as moot and affirm the district court's decision and remand to the agency as to the second issue.

Judicial review of the Board's action is governed by the Idaho Administrative Procedure Act ("IDAPA"). I.C. §§ 67–5270(1), 36-2115. On an appeal of agency action from the district court, we review the district court's decision to determine whether it correctly decided the issues presented to it. *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 797, 252 P.3d 71, 78 (2011) (quoting *Wright v. Board of Psychological Examiners,* 148 Idaho 542, 544–45, 224 P.3d 1131, 1133–34 (2010)). We review the Board record "to determine whether there is substantial and competent evidence to support the [Board]'s findings of fact and whether the [Board]'s conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the [Board]'s decision, we affirm the district court's decision as a matter of procedure. *St. Luke's Magic Valley Reg'l Med. Ctr., Ltd. v. Bd. of Cnty. Comm'rs of Gooding Cnty.*, 149 Idaho 584, 587, 237 P.3d 1210, 1213 (2010) (quoting *Losser v. Bradstreet,* 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). This Court exercises free review over questions of law. *Williams v. Idaho State Bd. of Real Estate Appraisers*, 157 Idaho 496, 502, 337 P.3d 655, 661 (2014). Statutory interpretation is a question of law subject to free review. *Id.*

## A. Whether the district court properly affirmed the Board's termination of Podsaid's guide license on December 31, 2008.

Podsaid argues that his guide license was valid until March 31, 2009, as indicated on the paper copy he received. The Board argues this issue is moot because Podsaid was, in fact, able to guide through March 31, 2009.

Whether an appeal is moot is a question of jurisdiction and may be raised at any time. *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012). A case is moot if the party lacks a legally cognizable interest in the outcome or "if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Wade v. Taylor*, 156 Idaho 91, 96, 320 P.3d 1250, 1255 (2014).

In June 2008, when the Board approved the sale of Podsaid's outfitter business, it also noted his guide license would expire on December 31, 2008. After the Board reconsidered and reaffirmed that decision, Podsaid appealed to the district court and moved for a stay of the Board's order. The court granted the stay. The court did not issue an order lifting that stay until

4

May 3, 2011. It is clear that what Podsaid wanted from his district court appeal—that his guide license be valid through March 31, 2009—is exactly what happened here. When the court granted the stay of his appeal, Podsaid received the remedy he sought. As a result, he no longer had a cognizable interest in the outcome of the proceeding, and this Court cannot provide him any further relief than the district court's stay already gave him. Therefore, Podsaid's first case is dismissed as moot.

**B.      Whether the district court properly affirmed the Board's treatment of Podsaid's 2009 application as a new license application.**

Podsaid filed an application to renew his guide license in December 2008, applying to guide for Scott Boulanger, who withdrew the application on February 23, 2009. On March 30, 2009, Podsaid reapplied to guide for Boulanger, listing snowmobiling and hunting as his activities. The Board had terminated Podsaid's license December 31, 2008, having properly interpreted the plain terms of its settlement agreement with Podsaid outlining that Podsaid's license would expire when he sold his outfitter license or, if he did not sell it, on December 31, 2008.[1] The Board thus decided to treat Podsaid's 2009 application as a new license application.

The Board argues that Podsaid failed to exhaust his administrative remedies following the denial of his application and therefore judicial review is improper. While admitting the agency's action was not final, Podsaid argues that the Board took an appealable action when it approved a motion to deny his guide license application at a June 17, 2009, meeting and informed him of the action through a statutorily required letter. The Board argues the letter is not agency action.

Idaho Code defines "agency action" as: "(a) The whole or part of a rule or order; (b) The failure to issue a rule or order; or (c) An agency's performance of, or failure to perform, any duty placed on it by law." I. C. § 67-5201(3). The Board had a statutory duty to inform Podsaid in writing of his license denial:

---

[1] The legislature has provided as follows:

> [t]he Board is expressly vested with the power and the authority to enforce the provisions of this chapter including obtaining injunctive relief and to make and enforce any and all reasonable rules which shall by it be deemed necessary and which are not in conflict with the provisions of this chapter.…

I.C. § 36-2107(d). The language "expressly vested with the power and authority to enforce the provisions of this chapter" is a broad grant of power that plainly gives the Board the ability to interpret restrictions in a probationary license so as to enforce those restrictions. Enforcing restrictions would necessarily include determining what the settlement agreement's terms were. Therefore, the Board had the power to interpret the terms of its own settlement agreement.

> If the application is denied, the board shall notify the applicant, in writing, of the reasons for such denial within ten (10) days and if the applicant shall correct, to the satisfaction of the board, such reasons within thirty (30) days of receipt of such notice and if, thereafter, a majority of the board concur, the board may issue a license to the applicant.

I.C. § 36-2109(c). The Board acted according to a duty placed on it by law when it denied Podsaid's license application and it informed him of that denial by letter, so the letter was agency action.

Idaho Code section 67-5270, however, limits judicial review to final agency action and an agency's final orders in a contested case. I.C. § 67-5270 (2), (3). A person is not entitled to judicial review of an agency action until he has exhausted all administrative remedies. I.C. § 67-5271(1). In this case, the Board did not take final agency action because Podsaid still has an appeal process available within the agency regarding the denial of his license application. Idaho Code section 36-2114(b) allows a guide license applicant 21 days after he receives notice of Board denial to request a hearing. Podsaid requested this hearing, but appealed before the Board conducted the hearing. Thus, Podsaid did not exhaust his administrative remedies.

This Court has recognized two exceptions allowing judicial review despite the failure to exhaust remedies: "(a) when the interests of justice so require, and (b) when the agency acted outside its authority." *Wanner v. State, Dep't of Transp.*, 150 Idaho 164, 169, 244 P.3d 1250, 1255 (2011). Podsaid's argument that the interests of justice require a review seems to generally be an argument that the Board acted beyond its authority, so we will examine whether the Board acted outside its authority to determine whether judicial review is appropriate.

Podsaid argues that his guide license was a continuing license governed by IDAPA's procedures. He argues that because it was a continuing license and he had a pending appeal on the license's expiration, Idaho Code section 67-5254 required the Board to process his license renewal application as a contested case, not as a licensing examination, and thus the Board acted outside its authority.

A new license application does not require a contested case proceeding. I.C. § 36-2108. However, a license that is suspended or non-renewed must go through contested case proceedings. I.C. § § 36-2115, 67-5254. Section 67-5254(2) provides that when a licensee timely and sufficiently applies to renew a license for any activity of a continuing nature, the existing license does not expire until the agency finally determines the application.

6

To determine whether the district court properly found that the Board had not exceeded its authority, then, this Court must determine whether the legislature provided that guide licenses were continuing licenses. "Continuing" means "uninterrupted; persisting" and "not requiring renewal; enduring." *Black's Law Dictionary* 388 (10th ed. 2014). One section of the statute provides:

> No license shall be issued by the board until a majority thereof has reported favorably thereon; except, an application for a license identical to a license held during the previous year may be issued on approval by one (1) board member providing there is not adverse information on file regarding the applicant.

I.C. § 36-2109(d).

However, other statutory provisions indicate that a guide's license is not a continuing license. The statute defines "license year" as the "period of time beginning on the date an outfitter's or guide's license is issued and ending on the anniversary of the date of issuance in the following year." I.C. § 36-2102(g). Further, the section titled "Form and Term of license" provides that a majority of the Board may issue a license to an applicant "in the form prescribed by the board," which "shall be valid for the year issued from the date issued and shall expire on March 31 of the following year." I.C. 36-2109(a). This language expressly contemplates that the license will expire each year, and thus the applicant may reapply.

In this case, the license is not uninterrupted. Podsaid was guiding for a different outfitter, in a different area, with one new activity added, so it was not an identical license as contemplated by Idaho Code section 36-2019(d). While the hunting activity was consistent with Podsaid's prior license, nothing else in the 2009 application continued. Therefore, Podsaid's guide license was not a license of a continuing nature. As such, the Board was not required to provide contested case procedures. The 2009 application was properly treated as one for a new license, and we affirm the district court on this ruling. Because Podsaid did not complete his appeal process within the agency on the denial of that application, we remand to the agency so that Podsaid may pursue those remedies if he chooses.

**C. Whether either party is entitled to attorney fees on appeal.**

The district court did not address Podsaid's attorney fees request because Podsaid was not the prevailing party in the district court. Podsaid argues that he was entitled to an attorney fees award in the district court in both cases under Idaho Code section 12-117 because the Board did not properly process his renewal application:

7

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). Podsaid was not the prevailing party in the district court, so he was not entitled to attorney fees. Podsaid also argues he is entitled to attorney fees on appeal because the Board acted without a reasonable basis in law or fact, and the Board also requests attorney fees on appeal. Podsaid did not prevail but we are unable to conclude that he unreasonably pursued this appeal, so neither party is entitled to attorney fees. Costs are awarded to the State.

## CONCLUSION

Podsaid's first case, regarding the termination in 2008 of his guide license, is dismissed as moot. As to his second case, the district court's decision affirming the Board's decision to treat Podsaid's 2009 guide license application as a new license application is affirmed, and the case is remanded to the Board. Costs are awarded to Respondent.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**