# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 47324

STATE OF IDAHO,          )
                        )
      Plaintiff-Respondent,    )
                        )     **Boise, December 2019 Term**
v.                        )
                        )     **Opinion Filed: March 20, 2020**
MICHAEL THERON HAYES,    )
                        )     **Karel A. Lehrman, Clerk**
      Defendant-Appellant.    )
_____  )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Samuel A. Hoagland, District Judge.

The district court's judgment of conviction is <u>affirmed.</u>

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Ben P. McGreevy argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

BRODY, Justice.

Michael Theron Hayes appeals his judgment of conviction from Ada County district court. A jury convicted Hayes of felony battery on a correctional officer. Hayes appealed his judgment of conviction on three grounds: (1) the district court erred by failing to issue subpoenas for two medical professionals; (2) the district court abused its discretion by allowing the State to inquire into prior instances of Hayes' conduct towards correctional officers; and (3) the district court abused its discretion by denying Hayes' motion for a new trial. The Court of Appeals reversed the district court's order denying Hayes' requests for subpoenas, and held that the district court abused its discretion by allowing the State to inquire into prior instances of Hayes' conduct. Accordingly, the Court of Appeals vacated the district court's judgment of conviction and remanded the case for a new trial. This Court granted the State's timely petition for review. For the reasons stated below, we affirm Hayes' judgment of conviction.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Hayes is an inmate housed at the Idaho Maximum Security Institution (IMSI). On November 10, 2015, Correctional Officer Rachel Nettles escorted Hayes to an infraction hearing for alleged misconduct at IMSI. During the infraction hearing, Hayes allegedly became aggressive and non-compliant with the correctional officers. After attempts to calm Hayes failed, Nettles and Correctional Officer Charles Johannessen attempted to secure Hayes against a nearby wall. Hayes allegedly resisted, kicking Nettles in the shin and grabbing Johannessen in the groin. The State charged Hayes with two counts of felony battery on a correctional officer pursuant to Idaho Code sections 18-915(2), 18-901, and 18-903. The State also filed a persistent violator sentencing enhancement pursuant to Idaho Code section 19-2514.

Hayes pleaded not guilty to the battery charges, and chose to represent himself. When Hayes chose to represent himself, the district court specifically advised Hayes about the advantages of having counsel for discovery and witness investigation. Nevertheless, Hayes was staunch in his desire to represent himself. After the district court ruled that Hayes would represent himself, it appointed Ada County public defender Craig A. Steveley as Hayes' standby counsel.

Prior to trial, Hayes requested subpoenas for Dr. April Dawson and nurse Kevin Kaae, who were both contracted to provide care to inmates at IMSI through Corizon Correctional Healthcare. In support of his subpoena requests, Hayes asserted that Dawson and Kaae would testify at trial to the injuries he allegedly received from the correctional officers' use of force in the November 10, 2015 altercation. Specifically, Hayes asserted that Dawson and Kaae would testify that: (1) after the November 10, 2015 altercation, multiple ultrasounds revealed blood in Hayes' urine; (2) blood was visible in Hayes' urine to the naked eye after the November 10, 2015 altercation; (3) Hayes' subsequent medical tests reveal that no disease or kidney stones caused blood to appear in Hayes' urine; and (4) Hayes' subsequent medical tests demonstrate the blood in his urine was caused by the November 10, 2015 altercation with the correctional officers.

At a pretrial hearing, the district court denied Hayes' subpoena requests on two grounds. First, the district court ruled that the subpoena requests were untimely. Second, the district court concluded that, even considering the merits of Hayes' subpoena requests, the district court did "not find that any evidence that might be offered by Dr. [Dawson] or [nurse Kaae] is relevant to

the question of whether or not the defendant committed this crime. Therefore, they would not be allowed [to testify] under any circumstance." Later in the same hearing, Hayes requested to be represented by counsel. Hayes requested counsel just three days before his trial was scheduled to begin. The district court subsequently appointed Stevelely—who was previously serving as standby counsel—to represent him. As a result, Hayes' trial date was pushed back for two months so that Steveley could prepare a defense.

Prior to the district court's denial of Hayes' subpoena requests, the State filed a motion in limine seeking to prevent Hayes from asking the correctional officers any questions regarding the Idaho Department of Correction's (IDOC) guidelines for disciplinary and infraction hearings. The State argued that questions regarding IDOC's guidelines for conducting infraction hearings were irrelevant to whether Hayes committed battery upon the two correctional officers. The district court agreed that IDOC's guidelines would not be relevant to the question of battery, and granted the State's motion in limine.

At Hayes' jury trial, he testified on his own behalf. On direct examination, he testified that he was the victim of the November 10, 2015 altercation. Hayes alleged that, immediately after the November 10, 2015 infraction hearing, he was battered by the correctional officers without provocation. Hayes maintained a position of innocence, asserting that he never battered the correctional officers. Hayes further testified that because of the correctional officers' battery, he sustained injuries to his back, shoulder, wrists, and hip. Hayes also testified that the injuries he sustained caused him to urinate blood. Hayes did not make a self-defense claim.

On cross-examination, the State inquired about Hayes' conduct toward other correctional officers and inmates at IMSI. Hayes testified that he was always respectful towards other inmates and correctional officers. Outside the presence of the jury, the State requested that it be allowed to question Hayes on his prior instances of conduct towards inmates and correctional officers. Specifically, the State proffered approximately ten instances where Hayes threatened, verbally abused, and disrespected other inmates and correctional officers. Hayes objected to the line of questioning, arguing that the testimony would be unfairly prejudicial under Idaho Rule of Evidence 403 and improper character evidence under Rule 404(b). The district court asked both parties which rules of evidence applied. The State argued that the evidence was relevant, and that the evidence was admissible under Rule 608(b) as evidence of Hayes' character for

3

untruthfulness. Hayes argued that Rules 403, 404(b), and 608(b) all applied, making the testimony inadmissible.

The district court found that the evidence was relevant and not unfairly prejudicial, and concluded that the testimony was relevant to Hayes' character for truthfulness under Rule 608(b). Thus, the district court allowed the State to inquire into Hayes' prior instances of conduct. On the witness stand, Hayes denied that any of these prior instances of conduct occurred. Later in the trial, the district court issued a limiting instruction to the jury regarding Hayes' testimony on cross-examination. The limiting instruction informed the jury that this testimony was admitted for the limited purpose of Hayes' credibility, and that the evidence should not be considered for any other purpose.

After deliberations, the jury found Hayes guilty of one count of battery—kicking officer Nettles in the shin during the November 10, 2015 altercation. Seconds after the clerk delivered the verdict, Hayes interrupted the district court proceeding, and announced, "Craig Steveley is fired and the defendant is now in pro se representation." Hayes was subsequently removed from the courtroom for his behavior, and ultimately was allowed to discharge Steveley and proceed pro se. The State later voluntarily dismissed the persistent violator sentencing enhancement.

Months after the verdict, but prior to sentencing, Hayes again changed his mind on pro se representation and moved for appointment of conflict counsel. Hayes, through conflict counsel, filed a motion for a new trial. In support of the motion, Hayes argued that the district court erred in granting the State's motion in limine to prohibit any questions related to IDOC's guidelines for conducting infraction hearings. Hayes asserted that the guidelines were relevant to whether the correctional officers had a "motive to lie" about their behavior during the altercation, and whether they complied with such guidelines. The district court subsequently denied Hayes' motion for a new trial. In denying the motion, the district court found that questions regarding IDOC's infraction hearing guidelines were irrelevant to the issues at trial. Further, the district court found that even if the guidelines were relevant, the testimony would be inadmissible as "a waste of time, confusing the issues, and misleading the jury" under I.R.E. 403.

The district court imposed a fixed determinate sentence of two and one half-years to be served consecutively with the sentence Hayes is currently serving. Hayes timely appealed the judgment of conviction. On appeal, the Court of Appeals reversed the district court's order denying Hayes' requests for subpoenas, and held that the district court abused its discretion by

allowing the State to inquire into prior instances of Hayes' conduct. Accordingly, the Court of Appeals vacated the judgment of conviction and remanded the case for a new trial. The State filed a timely petition for review. This Court subsequently granted that petition. We affirm the judgment of conviction.

## II.     STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Garcia-Rodriguez*, 162 Idaho 271, 274, 396 P.3d 700, 703 (2017) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)). "This Court thus acts as if the case were on direct appeal from the district court." *Id.* (quoting *State v. James*, 148 Idaho 574, 576, 225 P.3d 1169, 1171 (2010)).

## III.     ANALYSIS

### A. The district court did not err in declining to issue subpoenas for Dawson and Kaae because Hayes' request was untimely.

On appeal, Hayes argues that the district court erred when it declined to issue subpoenas directing Dr. Dawson and nurse Kaae to testify for Hayes at trial. Specifically, Hayes attacks the district court's conclusion that Dawson and Kaae's testimony would not be relevant to the issues in Hayes' case. Hayes argues that testimony regarding evidence of blood in his urine and medical tests that ruled out disease and kidney stones were relevant because they supported his assertion that he sustained injuries after the officers battered him. Thus, Hayes asserts that the evidence is relevant to support his innocence defense.

#### 1. Hayes' claim of error is not moot.

As a preliminary matter, we address the State's mootness argument. The State argues that Hayes' pro se subpoena requests for Dawson and Kaae to testify became moot when he elected to be represented by counsel. The State asserts that decisions regarding what witnesses to call at trial are for counsel, and that Hayes relinquished this decision when he elected to be represented by counsel. According to the State, once Hayes elected to be represented by counsel he "no longer had a legally cognizable interest in issuing subpoenas pro se." We disagree.

Whether an appeal is moot is a question of jurisdiction and may be raised at any time. *Podsaid v. State Outfitters & Guides Licensing Bd.*, 159 Idaho 70, 73, 356 P.3d 363, 366 (2015) (citing *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012)). A case is moot "if the party lacks a legally cognizable interest in the outcome or if it does not present a

5

real and substantial controversy that is capable of being concluded through judicial decree or specific relief." *Smith v. Smith*, 160 Idaho 778, 785, 379 P.3d 1048, 1055 (2016) (quoting *Podsaid*, 159 Idaho at 73, 356 P.3d at 366) (internal quotation marks omitted).

Whether Hayes was pro se or represented by counsel, he still had a legally cognizable interest in which witnesses are called at his trial. Facing two counts of battery and a persistent violator sentencing enhancement, Hayes had a clear interest in the outcome of his trial because his own liberty was at stake. The State curiously argues that the district court's denial of the subpoena request did not "in any way [affect Steveley's] (Hayes' appointed counsel) choice of witnesses." This statement improperly frames the issue. The inquiry is not whether Steveley was limited in his choice of witnesses, but rather whether Hayes has a legally cognizable interest in the outcome of his trial. Even if the choice of witnesses was solely within Steveley's control, Hayes' interest in the outcome of the trial did not vanish. Importantly, there was no reason for Steveley to assume that the district court's pretrial rulings on the motions brought by Hayes were no longer in effect by virtue of his appointment to represent Hayes. To be clear, there is no court rule or case law that would have prevented Steveley from requesting the subpoenas again after assuming representation. In fact, Steveley could have moved the district court to issue the subpoenas again after assuming representation. Idaho Criminal Rule 17—which governs subpoena requests—places no limits on the amount of times a party may seek to subpoena witnesses. *See* I.C.R. 17. However, the mere fact that Steveley could have sought the subpoenas again does not render this issue moot for Hayes. Additionally, the denial of Hayes' subpoena request is capable of being remedied through judicial relief, as demonstrated by the Court of Appeals reversing the district court's decision. Thus, this issue is not moot.

## 2. Hayes' subpoena request was untimely.

On appeal, Hayes' sole argument regarding his subpoena request is that the district court erred when it concluded the request was irrelevant. Crucially, however, Hayes does not challenge the district court's conclusion that his subpoena request was untimely. At a pretrial hearing on November 1, 2016, the district court instructed Hayes that any subpoena requests needed to be submitted in writing to the court by November 22, 2016, so that the court would have time to examine and rule on the requests at a pretrial conference set for December 2, 2016. The court minutes from the November 1, 2016 hearing reflect this instruction: "[r]equest for subpoena, defendant needs to prepare a list of witnesses identifies [sic] who it has [sic] relevant evidence, a

brief summary of the relevant information, [and it] needs to be filed by 11/22 and [the court] will decide on 12/2 who will be [subpoenaed]."

Hayes did not file his request for subpoenas until December 2, 2016. Later that same day, at pretrial conference, Hayes blamed a November 17, 2016 closure of the prison law library for delaying the filing of his subpoena requests. The district court ruled on Hayes' subpoena requests a week later at another pretrial conference. The district court found that Hayes' witness list and subpoena requests were "supposed to have [been] provided to the court and counsel by the hearing on [November] 22nd. Again, that's information that should have been provided to the parties *and the request for subpoenas in all matters in that regard are denied for lack of timeliness*." After denying Hayes' subpoena request due to untimeliness, the district court continued to deny the subpoena requests on the merits, finding that the proposed testimony they sought was irrelevant to the issues at trial. Thus, the record indicates that the district court denied Hayes' subpoena requests on two independent grounds: timeliness and relevance.

Pro se litigants are held to the same standards and rules as those represented by an attorney. *Suitts v. Nix,* 141 Idaho 706, 709, 117 P.3d 120, 123 (2005). "When a decision is based upon alternate grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds." *Doe v. Doe*, 159 Idaho 461, 464, 362 P.3d 536, 539 (2015) (quoting *Andersen v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005)) (internal quotation marks omitted). Hayes does not challenge the district court's timeliness ruling on appeal. Because Hayes provides no argument that the district court erred in denying his subpoena request for lack of timeliness, we affirm the district court's denial of the subpoena request without reaching the merits of Hayes' relevance arguments.

At oral argument, Hayes argued that, despite not challenging the district court's timeliness ruling, *State v. DuValt*, 131 Idaho 550, 961 P.2d 641 (1998), allows this Court to consider the merits of the district court's alternative relevance ruling. We disagree. In *DuValt*, this Court explained that issues not raised in the trial court may not be raised for the first time on appeal. 131 Idaho at 554, 961 P.2d at 644. The Court further explained that an exception to this rule exists when the issue was argued to or decided by the trial court. *Id. DuValt*, however, does not speak to this Court's precedent regarding alternative holdings. *See id.* Whether an issue can be raised on appeal has nothing to do with whether there were alternative grounds for a ruling in

the trial court. Here, the State has not asserted that the timeliness issue was raised for the first time on appeal. To the contrary, Hayes argues that the State failed to raise a timeliness argument in its briefing. Hayes, however, bore the burden of demonstrating error in the lower court. *State v. Wallace*, 98 Idaho 318, 320, 563 P.2d 42, 44 (1977). The district court's decision was based on alternative grounds, and as such, Hayes bore the burden of demonstrating error in both grounds. *Doe*, 159 Idaho at 464, 362 P.3d at 539. Hayes failed to challenge the district court's timeliness ruling. Therefore, Hayes failed to meet his burden, and we affirm the district court.

**B. The district court did not err in admitting evidence of Hayes' prior instances of conduct.**

Hayes contends that the district court abused its discretion by allowing the State to inquire into past instances of Hayes' conduct on cross-examination. Hayes testified in his own defense at trial. During his direct examination, Hayes limited his testimony to his recollection of the November 10, 2015 altercation and resulting injuries. On cross-examination, the prosecutor immediately inquired into Hayes' prior conduct at IMSI. Specifically, the prosecutor asked Hayes about his conduct towards other inmates and guards, asking: "You're always respectful of other inmates?" and "you are respectful of the guards all the time out at [IMSI]?" Hayes responded "yes" to both questions. The prosecutor then asked to approach the bench and speak outside the presence of the jury.

Outside the presence of the jury, the prosecutor notified the district court that the State intended to inquire about prior instances of Hayes' conduct that contradicted his testimony. In support of this inquiry, the prosecutor asserted:

> "[T]he State elicited testimony from the defendant that he is respectful at all times to other guards. He's also previously testified that he's been in prison for 12 years. And in addition, has on direct portrayed himself as a disabled, docile, passive victim of this situation that happened on November 10th."

The prosecutor proffered approximately ten instances of prior conduct where Hayes threatened, verbally abused, and disrespected other inmates and correctional officers. Hayes objected to the line of questioning, arguing that the inquiry should not be allowed under I.R.E. 403 and 404(b). Additionally, Hayes argued that he did not open the door to this testimony, stating: "we never went into that. We never said this guy was a saint. We never put on any evidence that he's a good character."

Before ruling on the evidence, the district court asked the parties what rules of evidence applied. The State argued that 608(b) applied, and Hayes argued that I.R.E. 403, 404(b), and

608(b) all applied. The district court found that I.R.E. 403 is always applicable, and that I.R.E. 404(b) did not apply to the inquiry. Specifically, regarding I.R.E. 403, the district court found that the proposed testimony was not unfairly prejudicial. Further, the district court found that the proposed testimony was probative to the question of whether Hayes was truthful on the witness stand. Regarding I.R.E. 608(b), the district court stated that "the rule at issue is the question of attacking his credibility. That's a 608 question." Thus, the district court determined that the State's inquiry into Hayes' prior instances of conduct on cross-examination was (1) relevant, and (2) permissible under I.R.E. 608(b).

On appeal, Hayes argues that the district court erred in concluding that I.R.E. 608(b) applied to allow the State to inquire into these prior instances. Hayes argues that the prior instances of conduct do not demonstrate character for truthfulness, but rather are character evidence of respectfulness, for which I.R.E. 608(b) does not permit inquiry. Hayes further argues that, even if the prior conduct was relevant to Hayes' character for untruthfulness, the danger of unfair prejudice substantially outweighed any probative value of the prior conduct. Notably, Hayes does not challenge the district court's 404(b) ruling on appeal.

### 1. Hayes' Rule 608(b) challenge.

When reviewing the trial court's evidentiary rulings, this Court applies an abuse of discretion standard. *State v. Jones*, 160 Idaho 449, 450, 375 P.3d 279, 280 (2016). To determine if a trial court abused its discretion, this Court considers whether the trial court (1) perceived the issue as one of discretion, (2) acted within the outer boundaries of that discretion, (3) acted consistently with the legal standards applicable to the specific choices available to it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 195 (2018).

At the time of Hayes' trial, I.R.E. 608(b) provided:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the credibility, of the witness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, *if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness concerning* (1) *the character of the witness for truthfulness or untruthfulness*, or (2) the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

I.R.E. 608(b) (2017) (emphasis added).

9

Before addressing whether the district court correctly applied I.R.E. 608(b), it is important to frame Hayes' objection in the larger context of evidence law. It is well understood that all "relevant evidence is admissible, unless otherwise provided by the Idaho Rules of Evidence or other rules for the courts of Idaho." *State v. Ehrlick*, 158 Idaho 900, 926, 354 P.3d 462, 488 (2015). The burden is on the opponent of the evidence to establish that relevant evidence is otherwise inadmissible. *Soria v. Sierra Pac. Airlines, Inc.*, 111 Idaho 594, 617–18, 726 P.2d 706, 729–30 (1986) ("Having offered relevant evidence for a permissible purpose, the burden is on its opponent (not on the proponent) to show that prejudice will result from its admission."). Further, I.R.E. 608(b) is a rule of inclusion, rather than an exclusionary rule. Thus, even if the district court did not apply I.R.E. 608(b) correctly, the evidence would still be admissible if it was relevant unless there is another rule that requires its exclusion.

Here, the district court determined that the proffered cross-examination was relevant and not unfairly prejudicial under I.R.E. 403, and not improper character evidence under I.R.E. 404(b). Thus, even if Hayes shows error in the district court's application of I.R.E. 608(b), he still must demonstrate that the district court's I.R.E. 403 or 404(b) analysis was erroneous. Hayes does not challenge the district court's ruling that I.R.E. 404(b) did not apply. Thus, Hayes waived this issue on appeal. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Because Hayes failed to demonstrate an alternative basis to exclude the evidence on cross-examination, we cannot hold that the district court erred in allowing the questions on cross-examination.

Turning to the district court's application of I.R.E. 608(b), the rule allows a witness to be questioned about prior instances of conduct on cross-examination. I.R.E.608(b). However, the rule is clear that the inquiry is limited to "the character of the witness for truthfulness or untruthfulness." *Id.* Here, Hayes contends that the specific instances of conduct raised on cross-examination were not relevant to his character for truthfulness or untruthfulness. The prior conduct, according to Hayes, had no probative value on his propensity to lie or his veracity. Rather, Hayes argues that the prior conduct contradicts his earlier testimony on cross-examination that he was always respectful to other guards and inmates. Essentially, Hayes argues that prior conduct exhibited a character trait of disrespect instead of character for untruthfulness.

This Court has not specifically addressed whether extrinsic evidence demonstrating a contradiction in the witness's testimony is probative to character for truthfulness or

untruthfulness. In analyzing what extrinsic evidence is probative of character for truthfulness or untruthfulness, Idaho precedent is inconsistent. *See State v. Araiza*, 124 Idaho 82, 90, 856 P.2d 872, 880 (1993) (holding that the district court did not abuse its discretion in excluding extrinsic evidence of a witness perjuring himself in a prior trial under I.R.E. 608(b)); *see also State v. Bergerud*, 155 Idaho 705, 710, 316 P.3d 117, 122 (Ct. App. 2013) (holding that extrinsic evidence of a witness lying to police in the past was probative of a witness's character for untruthfulness under I.R.E. 608(b)). Some decisions appear to limit character of untruthfulness to past instances of lying. *See Bergerud*, 155 Idaho at 710, 316 P.3d at 122. Others appear to deviate from that standard. For example, in *Araiza*, this Court upheld a district court's decision to prevent cross-examination of a prior instance of perjury at a previous trial. *See Araiza*, 124 Idaho at 90, 856 P.2d at 880. Further, in *State v. Guinn*, 114 Idaho 30, 39, 752 P.2d 632, 641 (Ct. App. 1988), the Court of Appeals refused to "set down a hard and fast rule of admissibility" between contradictory testimony and character for untruthfulness for I.R.E. 608(b). *Id.* Thus, some Idaho decisions consider extrinsic evidence of a witness's character for truthfulness or untruthfulness to be prior conduct of lying or dishonesty, while others do not employ such a strict standard.

However, Idaho case law distinguishes between evidence of character for untruthfulness and impeachment evidence. For example, in *Pierson v. Brooks*, 115 Idaho 529, 533, 768 P.2d 792, 796 (Ct. App. 1989), the Court of Appeals distinguishes between impeachment by contradiction and reputation and opinion evidence of a witness's character for truthfulness or untruthfulness. *Id.* The court held that "cross-examination which attacks the witness's testimony, but which contains no personal attack on the witness's veracity, does not trigger a right to present opinion testimony on the witness's character for truthfulness." Other jurisdictions draw similar distinctions between evidence of a witness's character for truthfulness or untruthfulness and impeaching a witness's credibility through contradiction, bias, or undue influence. *See Garner v. State*, 264 P.3d 811, 817–18 (Wyo. 2011); *State v. Corona*, 436 P.3d 174, 179 (Utah Ct. App. 2018).

Given that Idaho's precedent on 608(b) is unclear, an examination of the rule's federal counterpart is appropriate. Federal Rule of Evidence 608(b) is similar to Idaho's rule. *See* Fed. R. Evid. 608(b). A leading commentator on the federal rules has explained that the rule allows evidence of a witness' general character for veracity, not whether specific testimony is correct:

[I]t should be clear that 'truthfulness or untruthfulness' refers to the general character of the witness for veracity, not whether specific testimony of the witness is correct. Thus, evidence of witness conduct can be admitted under this provision only when it is probative of truthful or untruthful character. By the same token, evidence of specific instances which is not admissible under Rule 608(b) might still be admitted to impeach by contradiction, bias, or lack of capacity.

28 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6118 (2d ed. 2019).

Federal courts also consistently distinguish between impeachment by contradiction and evidence of a witness's character for truthfulness or untruthfulness. In *United States v. Castillo*, 181 F.3d 1129, 1132 (9th Cir. 1999), the Ninth Circuit held that "impeachment by contradiction is not governed by [Rule 608(b)]." *Id.* The Ninth Circuit further explained:

Rule 608(b) prohibits the use of extrinsic evidence of conduct to impeach a witness' credibility in terms of his general veracity. In contrast, the concept of impeachment by contradiction permits courts to admit extrinsic evidence that specific testimony is false, because contradicted [sic] by other evidence [of] direct examination testimony containing a broad disclaimer of misconduct sometimes can open the door for extrinsic evidence to contradict even though the contradictory evidence is otherwise inadmissible under Rules 404 and 608(b) and is, thus, collateral.

*Id.* at 1132–33 (quoting 2A Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6119 (1993)). Thus, the Ninth Circuit recognizes a distinction between evidence governed by Rule 608(b) and evidence offered to impeach by contradiction. *Id.* at 1133*; see also United States v. Chu*, 5 F.3d 1244, 1249 (9th Cir. 1993). The Ninth Circuit also views character of untruthfulness to be prior instances of lying or fraud. *See United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992) ("Evidence of prior frauds is considered probative of the witness's character for truthfulness or untruthfulness.").

After examining this Court's precedent and interpretations of the federal rules, we conclude that I.R.E. 608(b) applies to prior instances of conduct that bear on a witness's character for truthfulness or untruthfulness. These situations are limited to prior instances where the witness lied, committed fraud, or otherwise acted untruthfully. *See* Wright § 6118. Further, 608(b) does not apply to admit evidence of impeachment by contradiction, which is distinguished from evidence of a witness's character for untruthfulness. *See Pierson*, 115 Idaho at 533, 768 P.2d at 796; *see also Castillo*, 181 F.3d at 1132.

Here, the prior instances of Hayes' conduct elicited on cross-examination were not probative to his character for truthfulness or untruthfulness. None of the prior instances of

conduct placed his veracity in question. In other words, none of the prior instances pertained to a situation in which Hayes lied, perjured himself, or acted dishonestly. Instead, the instances of conduct depicted Hayes as aggressive, disrespectful, and threatening towards correctional officers and fellow inmates. For example, the prior instances of conduct involve Hayes threatening an officer, saying that he was going to knock her through a wall, and yelling a racial slur at another inmate. Thus, these instances are not probative of Hayes' character for truthfulness or untruthfulness. Instead, the prior instances of conduct are evidence of impeachment by contradiction. Rather than demonstrate character of truthfulness or untruthfulness, the evidence of prior conduct directly contradicts statements that Hayes made on the witness stand that he was always respectful of guards and other inmates. Thus, the district court misapplied I.R.E. 608(b) in allowing the state to inquire into Hayes' prior instances of conduct.

Despite the district court's misapplication of I.R.E. 608(b), the evidence was still admissible. After examining the record, the prior instances of conduct were admissible evidence of impeachment by contradiction. When the district court ruled on the prior instances of conduct, it rejected Hayes' objections on based on I.R.E. 403 and 404(b). The district court found that the evidence was relevant and probative to Hayes' credibility, and that it was not unfairly prejudicial under I.R.E. 403. All relevant evidence is admissible, unless otherwise provided by the I.R.E. or other Idaho court rules. *Ehrlick*, 158 Idaho at 926, 354 P.3d at 488. Hayes bore the burden of establishing that the relevant evidence was otherwise inadmissible. *Soria*, 111 Idaho at 617–18, 726 P.2d at 729–30. Hayes failed to meet that burden. The district court rejected Hayes' two bases for exclusion: I.R.E. 403 and I.R.E. 404(b). Thus, despite the district court's incorrect application of I.R.E. 608(b), the evidence of Hayes' prior conduct was nonetheless admissible. Idaho Rule of Evidence 607 states that "[a]ny party, including the party that called the witness, may attack the witness's credibility." I.R.E. 607. The State had no burden to demonstrate that the relevant evidence was admissible. *Soria*, 111 Idaho at 617–18, 726 P.2d at 729–30. Rather, Hayes bore the burden to oppose the evidence and provide a basis for exclusion. As explained below, Hayes' alternative basis for exclusion—I.R.E. 403—also fails. Thus, the prior conduct was admissible to attack Hayes' credibility through impeachment by contradiction.

Hayes argues that the State failed to raise I.R.E. 607 as grounds for admission at trial. Hayes argues that the State cannot argue for the first time on appeal that the evidence would be

admissible under I.R.E. 607. We disagree. At trial, the burden was on Hayes to exclude the evidence, not on the State to provide a basis for admission. Thus, the State's failure to raise I.R.E. 607 at trial does not change the analysis here. Accordingly, Hayes' prior instances of conduct were admissible as impeachment evidence despite the district court's improper application of I.R.E. 608(b).

### 2. Hayes' Rule 403 challenge.

Alternatively, Hayes argues that district court abused its discretion in finding that his prior instances of conduct were not substantially outweighed by the danger of unfair prejudice under I.R.E. 403. Hayes asserts that the evidence was "extremely prejudicial and far outweighed" any probative value to his character for truthfulness. We disagree.

When the district court considered this evidence at Hayes' trial, I.R.E. 403 provided: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needlessly presenting cumulative evidence." I.R.E. 403 (2017).

The district court did not abuse its discretion in weighing the evidence. The district court found that the evidence was "relevant to the question of credibility," and "probative to the question of whether or not the defendant was truthful on the witness stand." The district court also considered the prejudicial value of the cross-examination, and attempted to limit the prejudicial effect. For instance, the district court limited the inquiry to asking Hayes about the prior instances of conduct; no follow up questions were allowed after Hayes' responses. The district court also stated that Hayes would have leeway in the form of redirect examination and issued a limiting instruction to the jury that the prior instances could only be used for credibility purposes. To be clear, the evidence of Hayes' prior instances of conduct was prejudicial to his case. The instances of conduct demonstrate threatening and aggressive behavior towards guards and other inmates. However, the standard is whether the unfair prejudicial value of the evidence *substantially* outweighs its probative value. Here, that is not the case. The probative value of the evidence goes directly to Hayes' credibility and veracity on the witness stand. Credibility of the witness is always at issue. *Araiza*, 124 Idaho at 91, 856 P.2d at 881. Thus, the district court properly weighed the evidence's probative value with its unfair prejudicial effect, and

14

determined that the evidence was not unfairly prejudicial. Accordingly, the district court did not abuse its discretion.

**C. The district court did not err in denying Hayes' motion for a new trial.**

Hayes also argues that the district court abused its discretion by denying his post-trial motion for a new trial. Specifically, Hayes argues that the district court's order granting the State's motion in limine prevented him from properly impeaching the correctional officers regarding their behavior during the November 10, 2015 altercation. Hayes argues that, because credibility is always relevant and at issue, the IDOC prison guidelines were relevant to the correctional officers' motive to lie. Additionally, Hayes argues that the probative value of questions regarding IDOC guidelines and policies are not substantially outweighed by the danger of wasting time, confusing issues, and misleading the jury.

At the time Hayes filed his motion for a new trial, Idaho Criminal Rule 34 provided, "[o]n the defendant's motion, the court may vacate any judgment and grant a new trial on any ground permitted by statute." I.C.R. 34(a) (2017). I.C.R. 34 affords the trial court discretion to order a new trial, but Idaho Code section 19-2406 provides "the only grounds permitting the grant of a new trial and, therefore, limits the instances in which the trial court's discretion may be exercised." *State v. Ellington*, 157 Idaho 480, 485, 337 P.3d 639, 644 (2014) (quoting *State v. Cantu*, 129 Idaho 673, 675, 931 P.2d 1191, 1193 (1997)) (internal quotation marks omitted). Hayes challenges the denial of his motion for a new trial based on Idaho Code section 19-2406(5), which provides:

> When a verdict has been rendered against the defendant the court may, upon his application, grant a new trial in the following cases only:
>
> . . .
>
> (5) When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of trial.

I.C. § 19-2406(5). The issue of relevance is a question of law over which this Court exercises free review. *State v. Raudebaugh*, 124 Idaho 758, 766, 864 P.2d 596, 604 (1993). Accordingly, the exclusion of relevant evidence would be error as a matter of law—one of the statutory grounds for a new trial. *State v. Carlson*, 134 Idaho 389, 397, 3 P.3d 67, 75 (Ct. App. 2000). This Court reviews the district court's weighting process under I.R.E. 403 for an abuse of discretion. *State v. Kralovec*, 161 Idaho 569, 574, 388 P.3d 583, 588 (2017).

15

On appeal, Hayes challenges two of the district court's evidentiary rulings in denying his motion for a new trial: (1) the district court erred as a matter of law in finding that questioning the correctional officers about IDOC infraction hearing guidelines was irrelevant to his case; and (2) the district court abused its discretion in finding that even if the questions were relevant, they would be excluded under I.R.E. 403. We address these rulings in turn.

### 1. The district court did not err as a matter of law in finding questions regarding IDOC's disciplinary and infraction hearing guidelines irrelevant.

Hayes contends that the district court erred in ruling that questions to the correctional officers regarding IDOC guidelines were irrelevant. Hayes argues that IDOC guidelines for disciplinary hearings and infraction hearings were relevant because they related to the correctional officers' motivation to lie. Essentially, Hayes bases his argument on credibility. Hayes asserts that the credibility of a witness is always relevant and at issue in trial. Thus, because the district court denied Hayes an opportunity to question the correctional officers on their credibility—e.g., their motivation to lie—the district court erroneously excluded relevant evidence.

Hayes relies on *State v. Araiza*, 124 Idaho 82, 856 P.2d 872 (1993), where this Court held that the Sixth Amendment allows a defendant to inquire on cross-examination into the potential bias or motive of a witness. *Id.* at 91, 856 P.3d at 881 (citing *Davis v. Alaska*, 415 U.S. 308, 319 (1974)). This Court further held that, "[i]n order to give meaning to the right to confront a witness, the defendant must be permitted to do more than merely ask whether a witness is biased, but must be allowed to show why the witness might be biased by presenting the facts necessary to allow the jurors to form inferences regarding the witness' impartiality." *Id.* Further, Hayes argues that *Araiza* supports his position that "bias, prejudice, or motive of a witness to lie concerning issues presented in trial is always material and *relevant* to effective cross-examination." *Id.* (emphasis added). Hayes argues that questioning the correctional officers on IDOC's guidelines was relevant to their motivation to lie about the way in which they conducted the infraction hearing, why they used force on Hayes, and their desire to cover up their violation of guidelines during the incident. Thus, Hayes argues that it was error for the district court to prevent him from questioning the correctional officers about their potential motivation to lie on relevance grounds, because such questions are always relevant.

Clarifying exactly what questions Hayes was prevented from asking through the State's motion in limine is an important starting point in this analysis. Hayes claims he was prevented

from asking the correctional officers questions about IDOC guidelines in three areas: (1) conducting disciplinary hearings; (2) conducting infraction hearings; and (3) the use of force. The State's motion in limine and the district court's order granting the State's motion in limine make no mention of questions regarding the use of force or IDOC's guidelines for the use of force. Thus, Hayes was not prevented, at least through the State's motion in limine, from asking the correctional officers about their compliance with IDOC's use of force guidelines at trial. Accordingly, the inquiry here is limited to what questions Hayes was prevented from asking the correctional officers about from the State's motion in limine—IDOC guidelines regarding disciplinary and infraction hearings.

Viewing IDOC's guidelines for disciplinary and infraction hearings under the plain language of I.R.E. 401, the guidelines are not relevant. The IDOC guidelines do not make a fact of consequence more or less probable in determining whether Hayes battered the correctional officers. *See* I.R.E. 401. Further, the IDOC guidelines do not bear on Hayes' asserted innocence defense. Hayes contends that he never touched, let alone battered, the correctional officers. The mere existence of IDOC guidelines pertaining to infraction hearings do not by themselves make Hayes' innocence defense more or less likely.

However, Hayes' arguments regarding the relevance of the IDOC guidelines are solely based in credibility. These arguments are more persuasive given this Court's precedent in *Araiza*. The State argues that the mere existence of IDOC guidelines does not suggest that the correctional officers had a motivation to lie about their behavior in conducting the infraction hearing. Hayes appears to agree, arguing that "the guidelines themselves did not serve to 'create an incentive to lie'[.]" Rather, Hayes argues that the correctional officers' desire to cover up their own alleged IDOC guideline violations served as a motivation to give false testimony.

Despite this Court's precedent in *Araiza*, questioning the correctional officers regarding the guidelines is not relevant to the correctional officers' credibility on the witness stand. First, the record does not show that Hayes alleged any specific violations of disciplinary or infraction hearing guidelines. Rather, Hayes asserts that the correctional officers violated a general "tolerance" policy from 1997, and IDOC use of force policies. In a pretrial motion to introduce Rule 404(b) evidence, Hayes argued that the correctional officers disregarded IDOC standard operating procedure 318.02.01.001. This procedure is contained in a thirty-nine page document that is available to the public and was produced to Hayes in discovery. The document establishes

guidelines for ensuring the inmate disciplinary system is managed consistently throughout IDOC and applies to all IDOC staff members and inmates. However, regarding disciplinary and infraction hearing guidelines, Hayes cannot articulate what specific infraction guidelines within 318.02.01.001 the correctional officers violated. Thus, Hayes failed to provide a sufficient offer of proof as to why questioning the correctional officers on IDOC's guidelines for disciplinary and infraction hearings would be relevant to his case. *See State v. Joslin*, 145 Idaho 75, 82, 175 P.3d 764, 771 (2007) ("The purpose of an offer of proof is to make a record either for appeal or to enable the court to rule on the admissibility of proffered evidence."). This Court does not search the record for error, and the party alleging the error has the burden of showing it in the record. *Akers v. D.L. White Constr., Inc.*, 156 Idaho 37, 48, 320 P.3d 428, 439 (2014). Thus, Hayes failed to make a sufficient offer of proof to support his relevance argument on appeal.

Second, Hayes' reliance on *Araiza* is misplaced. *Araiza* is distinguished from the situation here. The defendant in *Araiza* did not challenge the limitation of cross-examination on relevance grounds under I.R.E. 401. 124 Idaho at 91, 856 P.3d at 881. Rather, the defendant asserted that the trial court abused its discretion under I.R.E. 608(b) and violated his constitutional right to confront a witness. *Id.* Here, Hayes limits his challenge to relevance alone. Furthermore, contrary to Hayes' position, *Araiza* also clarifies that "[a] defendant's right to confront a witness is not absolute. The trial court may reasonably limit cross-examination that is harassing, confusing, repetitive, or only marginally relevant." *Id.* (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). Additionally, in *Araiza*, this Court held that limiting the scope of cross-examination did not interfere with the defendant's right to conduct a full cross-examination because the proposed cross-examination "went to a collateral issue[.]" *Id.* We acknowledge that credibility is always at issue, but *Araiza* gives the district court discretion in limiting the scope of cross-examination where the testimony is marginally relevant or pertains to a collateral issue. *See id.* Here, the correctional officers' compliance with infraction hearing guidelines is marginally relevant at best and is a collateral issue to battery. Therefore, the district correctly applied the applicable legal standards under *Lunneborg'*s third prong in granting the State's motion in limine. Accordingly, the district court did not abuse its discretion in denying Hayes' motion for a new trial on relevance grounds.

18

**2. The district court did not abuse its discretion in finding questions regarding IDOC's infraction hearing guidelines inadmissible under I.R.E. 403.**

The district court provided an alternative ground for denying Hayes' motion for a new trial. The district court found that even if questions about IDOC's guidelines for infraction hearings were marginally relevant, they were inadmissible under I.R.E. 403 as a waste of time, confusing issues for the jury, and misleading the jury. Hayes argues that the district court abused its discretion denying his motion for a new trial on this basis. We disagree.

When the district court denied Hayes' motion for a new trial, I.R.E. 403 provided: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needlessly presenting cumulative evidence." I.R.E. 403 (2017). A trial should not stray from the central issues of guilt or innocence of the defendant and should not allow "full-scale investigations into other matters." *State v. MacDonald*, 131 Idaho 367, 371, 956 P.2d 1314, 1318 (Ct. App. 1998).

The district court did not abuse its discretion in finding that questions regarding IDOC's guidelines for discipline and infraction hearings were inadmissible under I.R.E. 403. The probative value of whether the correctional officers followed the IDOC guidelines in conducting the infraction hearing is minimal in determining whether Hayes battered the correctional officers. Additionally, allowing Hayes to question the correctional officers on technical IDOC guidelines regarding infraction hearings could confuse issues for the jury. Instead of focusing on whether Hayes battered the correctional officers, the jury could be forced to decipher infraction hearing guidelines, whether the correctional officers complied with them, and, ultimately, whether the officers battered Hayes to cover-up any violation. None of this would be probative of the issues the jury was required to resolve. Further, allowing this line of questioning could mislead the jury into examining the collateral issue of whether the correctional officers conducted Hayes' infraction hearing in compliance with IDOC guidelines. Essentially, allowing these questions on cross-examination could create a trial of the correctional officers' conduct within Hayes' battery trial. Thus, the probative value of the questions on cross-examination is substantially outweighed by the danger of confusing issues and misleading the jury. Therefore, the district court did not abuse its discretion in finding that the questions were not admissible under I.R.E. 403. As such, the district court did not abuse its discretion in denying Hayes' motion for a new trial.

## IV.    CONCLUSION

We affirm Hayes' judgment of conviction.


Chief Justice BURDICK and Justice BEVAN CONCUR.


STEGNER, J., concurring in the result.

I agree with the majority's conclusion to affirm Hayes' judgment of conviction. However, I write separately to avoid implicitly condoning the practice employed by the prosecution in this case. I believe that the prosecution improperly "opened the door" to admit character evidence against Hayes, despite Hayes never having placed his character at issue.

Here, Hayes testified in his own defense and was cross-examined by the State. Specifically, the State asked about Hayes' conduct towards other correctional officers and inmates at the Idaho Maximum Security Institution (IMSI), an issue that was not dealt with on Hayes' direct examination. When Hayes testified that he was always respectful towards other inmates and officers, the State sought, outside the presence of the jury, to question him further about specific prior instances of conduct that contradicted his testimony. Defense counsel objected, arguing that it was improper character evidence under Rule 404(b), unfairly prejudicial under Rule 403, and that it should be excluded under Rule 608(b). The district court ruled that Rule 404(b) did not apply, and that Rule 608(b) applied to permit the State's inquiry on cross-examination.

On appeal, Hayes has not argued that the district court erred in ruling that Rule 404(b) did not apply. Accordingly, Hayes has waived this argument on appeal. *See State v. Gonzales*, 165 Idaho 667, 672–73, 450 P.3d 315, 320–21 (2019) (citing *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)); *see also* I.A.R. 35(a)(6). For this reason, I agree with the majority's conclusion to affirm Hayes' judgment of conviction.

Nevertheless, I write separately to clarify that the prosecution cannot "open the door" to its own character evidence. Idaho case law with respect to Rule 404(b) evidence leaves this question unanswered. However, case law and authority from other jurisdictions strongly suggest

20

that the prosecution may not "open the door" itself to present evidence of prior bad acts, which would be subject to Rule 404.[1]

The general rule is that "one cannot open the door for one's own evidence; it requires some action by the opponent." 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5039.1 (2d ed. 2019). Likewise, a defendant's character cannot become an "open" subject because of answers elicited by the prosecutor on cross-examination; rather, it is the defendant who must put his character in issue. *Iowa v. Jones*, 471 N.W.2d 833, 835 (1991); *see also Robertson v. Florida*, 780 So.2d 94, 96 (Fla. Dist. Ct. App. 2000) (citation omitted) ("The state's argument that the evidence was for impeachment purposes must fail where that impeachment could not have occurred without the defendant first affirmatively putting his character at issue[.]"); *Ohio v. Grubb*, 675 N.E.2d 1353, 1355 (Ohio Ct. App. 1996) ("The prosecution cannot circumvent the limited nature of the exception provided in [Rule 404] by putting the character of an accused in issue via its own questions, and then present evidence to rebut the answers. Such tactics run afoul of the universal principle that the prosecution may not offer, in the first instance, evidence of an accused's character to show a general propensity to commit the acts underlying the crime charged.").

Here, the State put Hayes' character at issue by eliciting testimony from Hayes on cross-examination that he was generally respectful of other inmates and correctional officers at IMSI. The State then sought to introduce evidence of specific instances of Hayes' past conduct to rebut Hayes' contention that he was always respectful. The State cannot open the door to this type of character evidence and then impeach Hayes through Rule 404 evidence. Hayes did not put his character at issue; the State did. Accordingly, the evidence should have been inadmissible pursuant to Rule 404. However, as noted, Hayes abandoned Rule 404 entirely on appeal. Accordingly, I am constrained from reviewing the issue.

Justice MOELLER CONCURS.

---

[1] Additionally, Rule 404(b) requires the prosecution to provide a defendant with notice in advance of trial before the prosecution may seek to admit evidence of prior bad acts at trial. I.R.E. 404(b)(2)(A)–(B). This Court has held that the notice requirement in I.R.E. 404(b) is mandatory and failure to give advance notice would bar the admission of such evidence. *State v. Sheldon*, 145 Idaho 225, 230, 178 P.3d 28, 33 (2008). Here, the State never provided notice that it intended to offer evidence of Hayes' conduct while he was incarcerated. Accordingly, the lack of notice is another reason to bar the introduction of this evidence. However, as Hayes has waived the argument of Rule 404(b), we are foreclosed from addressing the issue.