**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41539**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 7 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 13, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DWAYNE ALLAN BRADLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Order admitting evidence and denying motion for acquittal, <u>affirmed</u>; judgment of conviction and unified sentence of twelve years, with a minimum period of confinement of three years, for trafficking in methamphetamine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dwayne Allan Bradley appeals from his judgment of conviction and sentence for trafficking in methamphetamine, Idaho Code § 37-2732B(a)(4). Bradley argues the district court erred in admitting audio recordings into evidence and by denying his motion for acquittal. He also alleges the district court imposed an excessive sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Bradley with trafficking in methamphetamine based on the allegation that he knowingly possessed more than 28 grams of methamphetamine. The district court subsequently allowed the State to amend the information to allege that Bradley knowingly possessed methamphetamine in an amount represented to be 28 grams or more.

1

At trial, a sergeant with the Kootenai County Sheriff's Department testified that he is the supervisor of the Kootenai County Drug Task Force and he commonly used confidential informants to buy drugs from persons suspected of selling drugs. The sergeant testified that he was familiar with various terms associated with the buying and selling of methamphetamine. The sergeant explained, based on his experience in the local area, instead of speaking plainly in regard to the amount of drugs to be bought or sold, buyers or sellers will use cover words. The sergeant testified that a "full" or a "whole one" were terms used to specify a full ounce. According to the sergeant, an informant was used to set up a drug purchase from Bradley. The sergeant recorded two telephone conversations between Bradley and the informant. The sergeant used a digital recorder at the sheriff's office; the calls were also recorded through the sheriff department's detective system. The sergeant was present during both telephone calls. On cross-examination, the sergeant admitted he could not hear everything that the speaker said on the other end of the conversation. The sergeant testified that he reviewed the audio recordings of the two calls and they accurately represented the audio he recorded. The sergeant indicated he could only recognize the voice of the informant on the recordings.

A deputy also testified that he met the sergeant and informant at the sheriff's office and then subsequently drove to where the drug buy was supposed to take place. The deputy observed two patrol deputies pull over a pickup driven by Bradley. Upon searching the pickup, the deputy located an aerosol can with a fake bottom that contained a clear plastic bag with a white crystal substance inside. The deputy also found four cell phones and $852 in cash. The deputy testified that upon reviewing the audio recordings, he recognized the voices of Bradley and the informant. He indicated he became familiar with Bradley's voice after talking with him during the traffic stop.

Over the objection of Bradley's attorney for lack of foundation, the audio recordings were published to the jury. In the first recording, the informant is heard asking to meet; the informant then indicates he needs a "whole one." The voice identified as Bradley responds, "okay." In the second recording, the informant and Bradley decide to meet near a pawn shop. Before the conversation ends, Bradley asks if the informant needs a "full." The informant responds, "Yeah." Bradley then says, "Alright, see ya there."

Finally, a forensic lab technician testified that the substance found in Bradley's car was methamphetamine and weighed 27.63 grams. The technician also testified that an ounce equals

28.35 grams.  At the end of the presentation of evidence, Bradley verbally moved for a judgment of acquittal.  The district court denied the motion.  The jury found Bradley guilty of trafficking in methamphetamine by delivering an amount represented to be 28 grams or more.  Bradley subsequently filed a motion for a new trial, alleging the district court erroneously admitted the audio recordings as a matter of law.  The district court denied Bradley's motion.  The court sentenced Bradley to a unified sentence of twelve years with three years determinate.  Bradley timely appeals.

## II.

## ANALYSIS

### A.    Audio Recordings

Bradley argues that the audio recordings should not have been admitted into evidence because the State did not provide proper foundation.  The decision whether to admit evidence at trial is generally within the province of the trial court.  A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion.  *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999).  Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion.  *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992).  "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Idaho Rule of Evidence 901(a).  Rule 901(b) contains an illustrative, but not exhaustive, list of suggested methods of identification.  *State v. Koch*, 157 Idaho 89, 96, 334 P.3d 280, 287 (2014).  Relevant to this case, foundation can be made through "[t]estimony of a witness with knowledge that a matter is what it is claimed to be."  I.R.E. 901(b)(1).

Bradley argues the audio recordings lacked foundation because the State did not establish that they were complete and accurate representations of the telephone conversations.  Bradley contends that because the testifying sergeant could not hear every single word of the conversation between Bradley and the informant, the testimony could not establish the call was accurate and complete.  However, the sergeant testified that he set up the recording device, was present during both phone calls, and he heard a majority of what was said during the telephone conversation.  He also testified to the approximate length of the conversations, and that he reviewed the audio recordings and they accurately reflected what he heard while the device was

3

recording. There was no indication that the device was not working properly or it somehow failed to pick up portions of the conversation. As noted, the deputy testified that he was familiar with Bradley's voice and that upon reviewing the recordings, recognized the voices of both Bradley and the informant. The testimony presented was sufficient to support that the audio recordings were what they were represented to be, a recording of the telephone conversations between Bradley and the informant.

Bradley also argues the State had an obligation to show that no changes, additions, or deletions were made to the recordings. Bradley relies on a Washington Supreme Court case that lists as one of the requirements to admit audio recordings, "it must be shown that changes, additions, or deletions have not been made."[1] Bradley contends that because the sergeant did not hear every word of the recorded conversations, he could not know if the recordings had been modified or not. We agree that a proper foundation for an audio recording ought to include evidence that it has not been modified. We do not hold, however, that this can be shown only through direct testimony denying tampering. The sergeant who made the recordings indicated that they were an accurate representation of the conversations he recorded. Implicit in the sergeant's statement is that the recordings are accurate and that they were not modified. Bradley has pointed to nothing in the recordings, or any other evidence at trial, that would indicate the recordings had been modified. Bradley has failed to raise a colorable assertion of any defect in the audio recordings and he merely speculates that the recordings could have been modified by some unknown party.

Bradley also argues the State failed to properly present a foundation because the deputy that identified the two voices was not present during the recording. However, there is no requirement that the familiarity with a speaker's voice occur before a recording is made. It was

---

[1] The Washington court's complete list of requirements to admit audio recordings includes: (1) It must be shown that the mechanical transcription device was capable of taking testimony. (2) It must be shown that the operator of the device was competent to operate the device. (3) The authenticity and correctness of the recording must be established. (4) It must be shown that changes, additions, or deletions have not been made. (5) The manner of preservation of the record must be shown. (6) Speakers must be identified. (7) It must be shown that the testimony elicited was freely and voluntarily made, without any kind of duress. *State v. Smith*, 540 P.2d 424, 428 (Wash. 1975) (quoting *State v. Williams*, 301 P.2d 769, 772 (Wash. 1956)). We do not adopt these stringent criteria.

4

sufficient for the deputy, having become familiar with Bradley's voice and the informant's voice, to then be able to identify them in the recordings at trial. *See* I.R.E. 901(b)(5) ("Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker."). Bradley has failed to show that the district court abused its discretion in admitting the audio recordings.

Bradley also argues that the district court abused its discretion by denying his motion for a new trial under I.C. § 19-2406, based on the court's erroneous admission of the audio recordings. Given our holding that the audio recordings were properly admitted, Bradley has failed to show the district court erred in denying his motion for a new trial.

**B.     Motion for Acquittal**

Following the presentation of evidence, Bradley moved for a judgment of acquittal on the grounds of insufficient evidence. Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The information alleged Bradley violated I.C. § 37-2732B(a)(4), specifically that he knowingly possessed methamphetamine in an amount represented to be 28 grams or more. Idaho Code § 37-2732B(a)(4) states:

> (4) Any person who knowingly delivers, or brings into this state, or who is knowingly in actual or constructive possession of, twenty-eight (28) grams or more of methamphetamine or amphetamine or of any mixture or substance containing a detectable amount of methamphetamine or amphetamine is guilty of a felony, which felony shall be known as "trafficking in methamphetamine or amphetamine."

Idaho Code § 37-2732B(c) further clarifies: "For the purposes of subsections (a) and (b) of this section the weight of the controlled substance as represented by the person selling or delivering it is determinative if the weight as represented is greater than the actual weight of the controlled substance." Given that the substance possessed by Bradley weighed less than 28 grams (27.63 grams), the State had to establish that Bradley represented the amount to be equal to or greater than 28 grams.

Bradley argues the evidence was insufficient to support a conviction because the State failed to present evidence that Bradley represented the methamphetamine to be 28 grams or more.[2] However, the sergeant testified that a "full" or a "whole one" represented an ounce of methamphetamine. In the first audio recording, the informant asks if he could meet with Bradley. The informant then indicates that he needs a "whole one," to which Bradley responds, "okay." In the second audio recording, Bradley asks the informant if he wanted a "full." The informant says, "Yeah" and Bradley responds, "Alright, see ya there." Based on the sergeant's testimony that in the drug community a full or whole one means an ounce, there is sufficient evidence that Bradley represented the amount he possessed to be an ounce of methamphetamine. Finally, the lab technician testified that an ounce was the equivalent to 28.35 grams. From this, the jury could infer that Bradley represented that the methamphetamine was in an amount greater than 28 grams. The district court properly denied Bradley's motion of acquittal.

## C. Sentence Review

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal,

---

[2] Bradley also argues that the erroneous admission of the recordings required an acquittal. However, as explained above, the recordings were properly admitted.

the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Bradley argues the indeterminate portion of his sentence is excessive.[3] He argues that based on the mitigating factors he presented at sentencing, the district court should have imposed only three years indeterminate. He claims the district court did not adequately consider his substance abuse problems and desire to seek rehabilitation, his difficult childhood, and his contributions to his family and community. A number of Bradley's friends and family submitted letters in support of Bradley. In reaching its decision, the district court explained the basis of its sentence:

> Thank you, sir. I am familiar with the case, having reviewed the PSI, the letters of support, the files and records and the other materials submitted to the Court. I have listened to argument. I have listened to allocution. To a degree my hands are tied. The conviction is for trafficking. That carries a mandatory minimum of three years. That's by law required by the statute.
> I am troubled by the quantity of methamphetamine in your possession. I am troubled by the obvious efforts made to hide it. And I am troubled by persons in our community that transfer drugs to others, especially quantities of drugs. You are sorry you are an addict. You are an alcoholic. What you do by transferring this stuff to other people and trafficking is you make more drug addicts, and it perpetuates the problem.

---

[3] He does not challenge the determinate portion because the applicable sentencing statute mandates a three-year minimum determinate sentence, which is what the district court imposed. *See* Idaho Code § 37-2732B(a)(4)(A). The maximum penalty of incarceration for trafficking in methamphetamine is life. I.C. § 37-2732B(a)(4)(D).

Having considered the *Toohill* factors, I think punishment is a factor in this case. I think deterrence is a factor in this case. You have been through Sundown Ranch at least once, if not twice. You have been through the Therapeutic Community. You have been to prison. You have been on parole. You have been on probation. And you are still doing the kinds of crimes that most people grow out of at about 25. Yes, some of that is explainable because of your history.

But having considered all those things, I think a substantial tail is appropriate. I am going to impose a three-year fixed term, which is a mandatory minimum, followed by a nine-year indeterminate. If you can convince the parole board after that first three years that you are parole-ready, then more power to you. You won't be coming back to this Court unless something comes of your incipient appeal.

The district court considered all of the relevant information and imposed a reasonable sentence. Bradley has failed to show the district court abused its discretion in imposing nine years of indeterminate incarceration.

## III.

## CONCLUSION

The district court did not err by admitting the audio recordings into evidence, and the district court properly concluded the jury had sufficient evidence to support a conviction. Finally, the district court did not impose an excessive sentence. Therefore, Bradley's judgment of conviction and sentence for trafficking in methamphetamine is affirmed.

Chief Judge MELANSON and Judge LANSING **CONCUR.**