**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 42664**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Boise, May 2016 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2016 Opinion No. 70** |
| v. | ) | |
| | ) | **Filed; June 28, 2016** |
| KENTSLER LEE JONES, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

District court decision excluding evidence in DUI case, <u>affirmed.</u>

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant. Maya P. Waldron argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. John C. McKinney argued.

_____

BURDICK, Justice

Kentsler Lee Jones appeals the Ada County District Court's judgment of conviction for driving while under the influence of alcohol (DUI), excessive alcohol concentration, felony, Idaho Code section 18-8004C. On appeal, Jones argues that the district court erred when it excluded evidence regarding the measurement of uncertainty in Jones's alcohol concentration test result. Specifically, Jones argues that this Court's holding in *Elias-Cruz v. Idaho Dep't of Transp.*, 153 Idaho 200, 280 P.3d 703 (2012), was manifestly wrong and should be overturned. We disagree.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 2013, the police stopped Jones after he drove the wrong way on a one-way road. Believing Jones to be intoxicated, and after Jones refused to cooperate, the police arrested Jones and later transported him to St. Alphonsus where a blood draw was performed. The test result from the blood draw returned a result of 0.207 with a measurement of uncertainty of (+/- 0.0103). The State charged Jones with misdemeanor resisting and obstructing officers and felony DUI under Idaho Code section 18-8004C(2).

1

The State filed a motion in limine requesting the district court to enter an order prohibiting any evidence regarding the measurement of uncertainty. Jones filed an objection, and the district court entered an order granting the State's motion. Jones then filed a motion to reconsider. The court denied the motion and reaffirmed its ruling, stating that under *Elias-Cruz* "evidence regarding the measurement of uncertainty for the instrument used to measure the defendant's blood alcohol level is inadmissible because it's irrelevant."

Jones entered a conditional guilty plea to felony DUI under section 18-8004C(2), preserving his right to challenge the district court's ruling on the State's motion in limine. The resisting and obstructing charge was dismissed. The court sentenced Jones to a unified sentence of five years with two years fixed, all suspended, and placed Jones on probation for five years. Jones timely appeals.

## II. STANDARD OF REVIEW

When reviewing the trial court's evidentiary rulings, this Court applies an abuse of discretion standard. *Dulaney v. St. Alphonsus Reg'l Med. Ctr.*, 137 Idaho 160, 163–64, 45 P.3d 816, 819–20 (2002). "To determine whether a trial court has abused its discretion, this Court considers whether it correctly perceived the issue as discretionary, whether it acted within the boundaries of its discretion and consistently with applicable legal standards, and whether it reached its decision by an exercise of reason." *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 51, 995 P.2d 816, 821 (2000).

Constitutional questions are reviewed de novo. *State v. Dunlap*, 155 Idaho 345, 377, 313 P.3d 1, 33 (2013).

## III. ANALYSIS

Jones argues that the district court erred by excluding the measurement of uncertainty associated with his blood alcohol concentration test result and that *Elias-Cruz v. Idaho Dep't of Transp.*, 153 Idaho 200, 280 P.3d 703 (2012), should be overturned. Jones also argues that his constitutional right to present a complete defense was violated.

**A. The district court did not err by excluding the measurement of uncertainty in Jones's alcohol concentration test results.**

Jones entered a conditional plea of guilty to driving under the influence under Idaho Code section 18-8004C(2). Under section 18-8004C(2) a driver who violates "the provisions of section 18-8004, Idaho Code" and "has an alcohol concentration of 0.20, as defined in section 18-8004(4), Idaho Code, or more as shown by an analysis of blood, breath or urine by a test," and

has previously been convicted for driving under the influence with an alcohol concentration of 0.20 or more is guilty of a felony. I.C. § 18-8004C(2). In *Elias-Cruz*, we held that the standard for determining alcohol concentration, as defined under 18-8004(4), "is no longer the concentration of alcohol in the driver's blood. It is simply the alcohol concentration shown by an approved and properly administered test of the driver's breath, blood, or urine." 153 Idaho at 205, 280 P.3d at 708.

At the outset, Jones argues that this Court's holding in *Elias-Cruz* should be overturned. Specifically, Jones contends that "the DUI statutes criminalize driving with an actual alcohol concentration above the legal limit, not merely driving with a test result above the legal limit," and that "[t]his Court should overturn *Elias-Cruz* . . . ." In support of this contention, Jones advances several arguments.[1] We do not find any of these arguments compelling. We decline to overturn our holding in *Elias-Cruz*. *See State v. Owens*, 158 Idaho 1, 4–5, 343 P.3d 30, 33–34 (2015) ("Stare decisis requires that this Court follows controlling precedent unless that precedent is manifestly wrong, has proven over time to be unjust or unwise, or overruling that precedent is necessary to vindicate plain, obvious principles of law and remedy continued justice.").

According to the test result, Jones had an alcohol concentration of 0.207. The measurement of uncertainty for the test was (+/- 0.0103). Jones argues that to be guilty of a felony under section 18-8004C(2) a defendant's actual alcohol concentration, not just the test result, must be 0.20 or higher. Jones argues that the test result did not accurately measure his "actual blood alcohol content" because, when considering the measurement of uncertainty, his actual alcohol concentration "was just as likely .196 as it was .207." Thus, Jones argues that the measurement of uncertainty is relevant because it bears directly on whether his actual alcohol concentration level was above the required 0.20 limit.

In *Elias-Cruz*, we considered whether a violation under section 18-8004 required a showing of actual blood alcohol concentration or simply a test result above the legal limit. 153 Idaho at 202–06, 280 P.3d at 705–09. Under section 18-8004, a violation is proved if the person "has an alcohol concentration of 0.08, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath." I.C. § 1-8004. In that case, the defendant

---

[1] Jones argues that *Elias-Cruz* was manifestly wrong because it: (1) overlooked the plain language of section 18-8004(4); (2) incorrectly interpreted the 1987 amendments to section 18-8004(4); (3) is not supported by previous case law; and (4) nullifies section 18-8004(4)'s requirement that alcohol concentration tests comply with ISP's standard operating procedures.

argued that the testing machine's margin of error was relevant because it showed that her actual blood alcohol content could have been lower than the test result indicated. *Elias-Cruz*, 153 Idaho at 204, 280 P.3d at 707. The defendant stated, "In this case with regard to a blow of .02, her actual blood alcohol content could be as low as .015 . . . the Decision should be based on an actual blood alcohol content rather than a printout from a machine that is subject to error . . . ." *Id.* In response to this argument, we held that under the current language of 18-8004(4) the testing machine's margin of error was irrelevant because "the standard is no longer the concentration of alcohol in the driver's blood," *id.* at 205, 280 P.3d at 708, and that "a violation can be shown simply by the results of a test for alcohol concentration that complies with the statutory requirements." *Id.* at 204, 280 P.3d at 707.

Here, Jones argues that the measurement of uncertainty is relevant to proving his actual alcohol concentration. However, as we explained in *Elias-Cruz*, the actual alcohol concentration is irrelevant. *Elias-Cruz*, 153 Idaho at 204–05, 280 P.3d at 707–08. Rather, it is the alcohol concentration as shown by the test result that is determinative of a violation. *Id.* Thus, the measurement of uncertainty as it relates to the actual alcohol concentration, rather than the reliability of the testing equipment or procedures, is irrelevant. *Id.* at 204, 280 P.3d at 707 ("The equipment need not precisely measure the alcohol concentration in the person's blood. The test need only be based upon the correct formula, and the equipment must be properly approved and certified.").

Therefore, because the district court correctly applied our holding in *Elias-Cruz*, we hold that the district court did not abuse its discretion by granting the State's motion to prohibit any evidence regarding the measurement of uncertainty as associated with Jones's actual blood alcohol concentration.[2]

---

[2] The Court notes that there is a scientific difference between the terms "margin of error" as applied to a testing machine and "measurement of uncertainty" as applied to a test result. JOINT COMMITTEE FOR GUIDES IN METROLOGY, EVALUATION OF MEASUREMENT DATA—GUIDE TO THE EXPRESSION OF UNCERTAINTY IN MEASUREMENT (JCGM 100:2008) 5–7 (1st ed. 2008) (discussing the difference between "error" and "uncertainty"). While the margin of error associated with a testing machine is not typically part of a test result, it is common practice to include the measurement of uncertainty as part of the test result. AMERICAN ASSOCIATION FOR LABORATORY ACCREDITATION, GUIDE FOR ESTIMATION OF MEASUREMENT UNCERTAINTY IN TESTING (G104) 24 (rev. ed. 2014). Indeed, Idaho State Police procedures require it. IDAHO STATE POLICE, ANALYTICAL METHODS FOR VOLATILES ANALYSIS § 10.6.2.3 (3d rev. 2014). Our decision today does not address the question of whether the measurement of uncertainty is relevant as an integral part of the test result, i.e., that the test result is incomplete or invalid without it, because Jones only argues that the measurement of uncertainty is relevant as it relates to the actual alcohol concentration in Jones's blood. *State v. Hoisington*, 104 Idaho 153, 159, 657 P.2d 17, 23 (1983) ("Since neither party has raised or argued this issue in their briefs, we do not review the issue.").

**B. Jones has not been deprived of his constitutional right to present a complete defense.**

The right to present a complete defense is rooted in the Confrontation Clause of the Sixth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, and includes "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). However, "[a] defendant has no right to present irrelevant evidence and even if evidence is relevant, it may be excluded in certain cases." *State v. Meister*, 148 Idaho 236, 241, 220 P.3d 1055, 1060 (2009); *see also, e.g.*, *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *United States v. Torres*, 937 F.2d 1469, 1473 (9th Cir.1991).

Jones argues that the district court's ruling that excluded evidence regarding the measurement of uncertainty deprived him of his constitutional right to present a complete defense. *Crane*, 476 U.S. at 690. This argument is premised on the assumption that the holding in *Elias-Cruz* was incorrect. *Elias-Cruz* was decided correctly. This argument fails. *Elias-Cruz*, 153 Idaho at 205, 280 P.3d at 708 ("[T]here is no due process violation in excluding irrelevant evidence.").

## IV. CONCLUSION

Because the standard under section 18-8004(4) is no longer the actual concentration of alcohol in the driver's blood, the measurement of uncertainty is irrelevant as it relates to actual alcohol concentration. The judgment of the district court is affirmed.

Chief Justice J. JONES and Justices  EISMANN, W. JONES and HORTON, **CONCUR.**