# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49069

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

HAROLD JAMES WILLIE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: August 15, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction for felony domestic battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Harold James Willie appeals from his judgment of conviction for felony domestic battery, I.C. § 18-918(2)(a). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Willie and his girlfriend, the victim, were staying at a hotel on February 27, 2020. Willie called the police after the couple began arguing, but the call ended abruptly. An officer was advised that there was arguing in the background between a male and female on the 911 call, but the callers refused to provide the operator with their location and hung up. Thereafter, officers responded to the hotel room where Willie and the victim were staying. By the time the officers arrived, the victim had left the hotel. The officers handcuffed Willie due to concerns with his agitation, the 911 hang-up call, and not knowing the location of the victim. The officers observed

1

a broken cell phone on the floor of the hotel room. After speaking with Willie, the officers did not arrest him and left the hotel without talking with the victim.

The victim returned to the hotel room at approximately 3:00 a.m. Willie and the victim reconciled and moved to a different hotel in the area. On the evening of February 29, two days after the first incident, Willie and the victim were again arguing and officers responded to the new hotel where Willie and the victim were staying. The victim reported alleged incidents of domestic abuse by Willie that took place on February 27 and 29. Willie claimed the victim's injuries were from a bar fight with another female. Willie was arrested at that time.

The State charged Willie with attempted strangulation and felony domestic battery as a result of the events on February 27.[1] Prior to trial, Willie filed an I.R.E. 404(b) motion in limine and requested that the district court allow him to introduce testimony and/or evidence from Willie and his sister that, on prior occasions, Willie had broken up with the victim and that the victim responded by seeking to get revenge against him. Willie described the anticipated testimony as follows:

> [T]he testimony from our witnesses would be that [Willie] broke up with [the victim] close to Christmas [2019], sometime between December 21st and December 24th; that [Willie] ended the relationship; that on the morning of December 24th, [Willie's sister] and [Willie] went outside and found that a tire on one of their vehicles had been slashed. It's a vehicle that's owned by [Willie's sister], but [Willie] had been using it and driving it. That's why I said it was both of their vehicles, but it was one vehicle. A tire was slashed. They found it on December 24th, the morning of.
>
> Later in that morning, [Willie] got a text from [the victim]. [Willie's sister] also saw that text. The text referenced, you know, I hope you have a good Christmas Eve. I don't think you'll be going anywhere, was the substance of the text; that over the next approximately week period of time, until about January 1st, both [Willie] and [his sister's] home phone received hundreds and hundreds of phone calls from [the victim].
>
> [Willie's sister] and [Willie] would testify that these numbers started out as coming from[the victim's] number. However, once [Willie] blocked that number on his cell phone, the phone calls started coming in from her random numbers.

---

[1] The State also charged Willie with misdemeanor domestic battery as a result of the events on February 29 and the cases were joined, but the misdemeanor domestic battery charge was subsequently dismissed.

The district court rejected Willie's I.R.E. 404(b) argument, reasoning the "acts themselves do not prove motive and they do not prove plan or a scheme. They merely are being offered in this Court's assessment with regard to propensity." The district court sua sponte requested argument on whether the evidence was admissible pursuant to I.R.E. 608, but ultimately concluded it was not.

The jury found Willie guilty of felony domestic battery and acquitted him of attempted strangulation. Willie appeals.

## II.

## STANDARD OF REVIEW

When reviewing the trial court's evidentiary rulings, this Court applies an abuse of discretion standard. *State v. Jones*, 160 Idaho 449, 450, 375 P.3d 279, 280 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Willie contends the district court erred by excluding evidence that the victim previously slashed his car tires and made harassing phone calls in response to Willie breaking up with her. According to Willie, such evidence was admissible pursuant to I.R.E. 404(b) or I.R.E. 608 and was admissible to support his defense that the victim lied about the conduct underlying the criminal charges in this case in order to get him arrested after he broke up with her. The State responds that the district court properly excluded the proffered evidence because it could not properly be admitted pursuant to either I.R.E. 404(b) or I.R.E. 608 since it was "mere propensity evidence" for purposes of I.R.E. 404(b) and "falls squarely within [I.R.E.] 608, which precludes the admission of such evidence." We hold that Willie has failed to show the district court abused its discretion in ruling the evidence of the victim's prior alleged conduct was inadmissible.

3

**A.      Idaho Rule of Evidence 404(b)--Motive, Plan, or Scheme**

Willie contends evidence that the victim previously slashed his car tires and made harassing phone calls in response to him breaking up with her was admissible under I.R.E. 404(b). Specifically, Willie argues, as he did below, that the evidence shows the victim's "motive and plan or scheme to get revenge on him for attempting to break up with her." The district court rejected Willie's argument, concluding the evidence was "not evidence of any motive, not evidence of a plan," but was instead "evidence that on one occasion [the victim] committed a bad act; therefore, on another occasion she must have committed another bad act, that being the [allegedly] false allegations" that Willie battered her. We agree with the district court that the proffered evidence of the victim's prior conduct did not satisfy I.R.E. 404(b)'s standards for admissibility.

Evidence of other crimes, wrongs, or acts is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, I.R.E. 404(b)(2), but such evidence is not admissible to prove a person's propensity to act in accordance with a particular character trait, I.R.E. 404(b)(1). Willie contends that three cases support his argument that evidence of a "motive to get revenge" is admissible. First, Willie relies on *State v. Almaraz*, 154 Idaho 584, 591, 301 P.3d 242, 249 (2013), in which the Idaho Supreme Court held that evidence of gang membership "was properly admitted under I.R.E. 404(b) to demonstrate motive" for the defendant to commit murder based on gang rivalry. Second, Willie relies on *State v. Russo*, 157 Idaho 299, 308, 336 P.3d 232, 241 (2014), in which the Idaho Supreme Court held that the defendant's "fantasies and his collecting pornography that was consistent with those fantasies was relevant to his motive" to commit rape, burglary, and kidnapping, despite the defendant's argument that motive was irrelevant. Finally, Willie relies on *State v. Cherry*, 139 Idaho 579, 584, 83 P.3d 123, 128 (Ct. App. 2003), in which this Court held that the defendant's recent arrest for trespassing on the victim's property was "probative to demonstrate that [the defendant] had a motive to shoot [the victim] and did so with malice aforethought and/or premeditation because [the victim] had rejected [the defendant] and had precipitated his arrest."

None of the cases upon which Willie relies support his assertion that the victim's prior responses to Willie breaking up with her show she had a motive to lie about the acts forming the basis for the charges against Willie in this case. The unifying application of the rule in *Almaraz*, *Russo*, and *Cherry* was evidence of motive relative to the crime(s) for which the defendant was on

4

trial. This is consistent with the definition of motive in *Russo*: "'Motive is a well-accepted method of proving the ultimate facts necessary to establish the commission of a crime, without reliance upon an impermissible inference from bad character.'" *Russo*, 157 Idaho at 308, 336 P.3d at 241 (quoting Am. Jur. 2d *Evidence* § 439 (2008)). The victim in this case was not on trial for the commission of a crime for which proof of her motive to commit the crime could be relevant. Even if she lied about Willie's conduct in this case because he broke up with her, the breakup would be the motive for the lie--the victim's responses to a prior breakup would not. Willie has failed to show the district court abused its discretion by concluding that the proffered evidence was admissible to prove the victim's motive to lie.

Willie alternatively argues that the victim's prior conduct vis-à-vis a breakup with Willie was relevant to prove the victim's "plan or scheme to get revenge on [him] for attempting to break up with her." According to Willie, there was "direct evidence of this plan" when the victim said she wanted Willie arrested for battering her on February 29, which is somehow related to the "evidence of tire slashing and harassing phone calls" that occurred when Willie previously broke up with her. This argument is nonsensical. Willie offers no cogent basis from which to conclude that the victim had a plan to have Willie arrested based on false allegations of abuse because she previously sought "revenge" for a prior breakup by slashing tires and making "harassing phone calls." If anything, the proffered evidence regarding the victim's prior responses to Willie breaking up with her is, as the district court found, evidence of propensity, *i.e.*, the victim responded poorly when Willie broke up with her just like she has done before. Idaho Rule of Evidence 404(b) requires the exclusion of propensity evidence as the district court correctly concluded in this case.

**B.    Idaho Rule of Evidence 608**

Willie also challenges the district court's application of I.R.E. 608 to exclude evidence that the victim previously slashed Willie's tires and made harassing phone calls when he broke up with her, claiming the evidence was admissible to prove the victim's "bias or motive to fabricate the allegations, and was not offered to show her character for truthfulness or untruthfulness." In other words, Willie contends the district court erred by conducting an analysis pursuant to I.R.E. 608 because Willie did not request admission of the evidence based on I.R.E. 608. Willie is correct that the district court raised the applicability of I.R.E. 608 sua sponte. Although not entirely clear, to the extent Willie is asserting that I.R.E. 608 is irrelevant, there is no reason to analyze the rule's

application, particularly in light of our conclusion that I.R.E. 404(b) foreclosed admission of the evidence.

To the extent Willie is contending that the evidence of the victim's prior conduct could not also be excluded under I.R.E. 608, we disagree. Idaho Rule of Evidence 608 governs the admissibility of evidence of a witness's character for truthfulness or untruthfulness. A witness's credibility, i.e., the witness's character for truthfulness or untruthfulness, may be attacked in the form of opinion testimony. I.R.E. 608(a). Extrinsic evidence of specific instances of the witness's conduct is not admissible. *Id*. However, the trial court may allow cross-examination into specific instances if those instances are probative of truthfulness or untruthfulness. Evidence that the victim previously slashed Willie's tires or made harassing phone calls when he broke up with her is extrinsic evidence that could only be admissible under I.R.E. 608 if probative of the victim's truthfulness or untruthfulness. The district court correctly concluded it was not probative of truthfulness or untruthfulness. Evidence of the victim's prior conduct was properly excluded.

## IV.
## CONCLUSION

The district court did not abuse its discretion by excluding evidence of prior alleged acts of revenge by the victim. Therefore, Willie's judgment of conviction for felony domestic battery is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.