**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49775/49776**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 11, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAIME LYNN RUPP, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for two counts of trafficking in methamphetamine, <u>affirmed</u>; judgment of conviction for possession of a paraphernalia (misdemeanor), <u>affirmed</u>; and case <u>remanded</u> for correction of misdemeanor sentence.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Jaime Lynn Rupp appeals from her judgment of conviction. We affirm the district court's judgment of conviction. However, we vacate the sentence for misdemeanor possession of paraphernalia and remand for correction of that sentence.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A detective obtained Rupp's phone number from an informant. The detective and Rupp messaged each other using an encrypted messaging application called "Signal." The detective arranged to buy two ounces of methamphetamine from Rupp. Rupp indicated that she would be driving a blue Volvo, and they agreed to meet in a parking lot. The detective reviewed Rupp's photograph before the meeting and observed the same person emerge from the blue Volvo. During the physical exchange of methamphetamine on January 27, 2021, Rupp and the detective discussed

1

future sales, including four ounces for sixteen hundred dollars. The detective testified to these facts, and an audio recording of the conversation was admitted at trial. The detective also identified Rupp at trial.

The detective testified that he again used the messaging application, Signal, and arranged to buy two ounces of methamphetamine from Rupp on February 17, 2021, at a hotel. The proposed sale did not take place. Instead, after surveilling the hotel and obtaining warrants, Rupp was taken into custody after she and another woman exited the hotel and walked toward Rupp's Volvo. During a search incident to Rupp's arrest, officers found over four hundred grams of methamphetamine in Rupp's car. Law enforcement also discovered drug paraphernalia in Rupp's car and on her person. The State charged Rupp with two counts of trafficking in methamphetamine, Idaho Code §§ 37-2732B(a)(4)(C), 37-2732B(a)(4)(A) and, in a separate case, the State charged Rupp with misdemeanor possession of drug paraphernalia, I.C. § 37-2734A(1).[1] The two cases were consolidated and proceeded to trial.

At trial, over objection, the State introduced screenshots of conversations between the detective and Rupp. The screenshots detailed the controlled drug buy in January. The district court also permitted testimony from a detective regarding a phone call Rupp made from jail following her arrest in which she discussed "cleaning" four rooms in McCall (a location previously discussed by the detective and Rupp) for "16." The jury found Rupp guilty of two counts of trafficking in methamphetamine and possession of drug paraphernalia. Rupp was sentenced to consecutive, unified terms of thirty-five years with fifteen years determinate for the trafficking counts and 457 days credit for time served on the paraphernalia charge. Rupp appeals.

## II.

## STANDARD OF REVIEW

The appellate courts employ a mixed standard of review on challenges to evidentiary rulings in which relevance is a matter of law that is subject to free review and other challenges to admissibility are reviewed for an abuse of discretion. *State v. McGrath*, 169 Idaho 656, 662, 501 P.3d 346, 352 (2021). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion;

---

[1]     Pursuant to Rupp's Idaho Criminal Rule 29 motion, the district court dismissed an additional possession of marijuana charge.

(3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Rupp advances several claims of error on appeal. First, Rupp argues that the district court erred in admitting the screenshots from the Signal application. Second, Rupp contends that the district court erred in refusing to allow her to ask the detective about favorable treatment the informant received. Third, Rupp asserts that the district court erred in allowing testimony from a detective regarding her call from jail. Rupp further argues that the cumulative error from these evidentiary rulings requires vacation of her convictions. Finally, Rupp claims that the district court erred in imposing sentence on the misdemeanor paraphernalia count.

### A.      Signal Screenshots

Rupp argues the district court erred by admitting screenshots of her messages with the detective on the Signal application. Rupp claims there was insufficient foundation to explain how the messaging app generated her name into the detective's phone. The State argues the detective testified that the screenshots accurately depicted what they purportedly showed.

The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Bradley*, 158 Idaho 66, 69, 343 P.3d 508, 511 (Ct. App. 2015). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *Id.* The requirement of authentication or identification of evidence is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Idaho Rule of Evidence 901(a). Rule 901(b) contains an illustrative, but not exhaustive, list of suggested methods of identification. *State v. Koch*, 157 Idaho 89, 96, 334 P.3d 280, 287 (2014). Relevant to this case, foundation can be established through testimony of a witness with knowledge "that an item is what it is claimed to be" or examination of the evidence's "distinctive characteristics and the like," including "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." I.R.E. 901(b)(1), (b)(4).

3

Photographs are generally admissible where the witness who identifies them testifies that they correctly portray relevant scenes or objects. *Shea v. Kevic Corp.*, 156 Idaho 540, 546, 328 P.3d 520, 526 (2014). The Idaho Supreme Court has held that establishing the identity of the author of a text message or email by use of corroborating evidence is critical to satisfying the authentication requirement for admissibility. *Koch*, 157 Idaho at 97, 334 P.3d at 288. Thus, the proponent of the evidence must explain the purpose for which the text message is being offered and provide sufficient direct or circumstantial corroborating evidence of authorship to authenticate the text message as a condition precedent to its admission. *Id.*

On appeal, Rupp argues there was insufficient foundation to establish she was the sender in the exchanged Signal messages. The evidence presented at trial demonstrated the detective communicated with a person via a phone number provided by a third party. The detectives were led to believe this person was Rupp. When the conversation moved over to Signal, the detective testified that he did not manually enter Rupp's name into the phone; instead, the name, Jamie Rupp, was auto-populated by the Signal application. The detective and the sender then coordinated the details of the drug buy. The detective arrived at the original location, changed the location, and communicated the change through Signal. The detective then met with the sender at the revised location who matched the information law enforcement had about Rupp. The State asserts it provided ample circumstantial and corroborating evidence and that screenshot authentication is akin to photographs. *See* I.R.E. 901(b)(6); *Koch*, 157 Idaho at 98, 334 P.3d at 289. We agree. In addition, the detective had already testified to the contents of the Signal conversation without objection. Thus, the district court properly admitted the screenshot exhibits because the detective affirmed the printouts of the screenshots accurately reflected the conversation he had with Rupp and that was sufficient foundation to authenticate the screenshot exhibits.

Rupp claims the detective never testified *how* Signal auto-populated her name. However, Rupp cites no authority suggesting that such an explanation is required. The witness was not required to personally observe and testify (presumably as an expert) to the workings of the technological process in order to lay foundation. For instance, an individual can provide foundation for the admission of a photograph without testifying as to how a camera works. The State provided sufficient evidence to demonstrate the screenshots were what the detective purported: conversations with Rupp. This was corroborated by the detective's testimony about the type of car the sender said they were driving, which was the car that arrived at the location of

the pre-arranged drug buy. Then a person matching the photograph/description in the driver's license the detective reviewed prior to the buy emerged from the car the sender said they would be driving. The individual identified herself as "Jamie," and the detective identified Rupp at trial. The district court did not err in admitting the screenshots as exhibits.

**B.      Cross-Examination Regarding Information From Informant**

Rupp argues the district court violated her right to cross-examine a witness and present her version of facts to the jury. Rupp contends she should have been able to question the detective about the consideration received by the informant in exchange for information the informant provided in Rupp's case. The State argues the questioning concerned a collateral matter and the district court did not err by limiting Rupp's cross-examination.

The right to present a defense is rooted in the Confrontation Clause of the Sixth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, and includes a meaningful opportunity to present a complete defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *State v. Jones*, 160 Idaho 449, 452, 375 P.3d 279, 282 (2016). However, a defendant has no right to present irrelevant evidence and, even if evidence is relevant, it may be excluded in certain cases. *Jones*, 160 Idaho at 452, 375 P.3d at 282; *see also State v. Meister*, 148 Idaho 236, 241, 220 P.3d 1055, 1060 (2009). Credibility is always at issue, but the trial court has discretion to limit the scope of cross-examination where the testimony is marginally relevant or pertains to a collateral issue. *State v. Hayes*, 166 Idaho 646, 659, 462 P.3d 1110, 1123 (2020); *State v. Araiza*, 124 Idaho 82, 91, 856 P.2d 872, 881 (1993); *see also State v. MacDonald*, 131 Idaho 367, 371, 956 P.2d 1314, 1318 (Ct. App. 1998) (avoiding "trial within a trial" by limiting inquiry into collateral matters). In reviewing the trial court's decision as to relevance, the standard of review is de novo. *State v. Gomez*, 137 Idaho 671, 674, 52 P.3d 315, 318 (2002). In reviewing the trial court's decision as to whether the probative value of the evidence outweighs its prejudicial impact, the standard of review is an abuse of discretion. *Id.*

During cross-examination of the detective at trial, the detective affirmed that Rupp's phone number was received from an informant. Rupp asked whether the informant got consideration for a felony charge in exchange for the information. The State objected and Rupp argued that the question went to the credibility of the information received by the detective from the informant. The district court sustained the objection ruling that the question was impeaching on a collateral

5

matter. On appeal, Rupp again argues the question regarding consideration to the informant was impeaching and would have discredited the State's informant.

Rupp claims the association of the phone number with her related to material issues of identity, knowledge, and intent. However, the authenticity assertions concerning the phone number's accuracy were not material to the charges. The material issue was the communication between Rupp and law enforcement. Challenging the source's credibility regarding the phone number was collateral. Rupp repeatedly and reliably participated in the detailed acts coordinated through the phone number provided by the informant in ways that only the sender could have. The detective obtained a copy of Rupp's driver's license and used the photo and the description of the car provided to meet with Rupp. What matters is not how the phone number was obtained, but that it was Rupp's number, which was shown in multiple ways at trial. Any contention that impeachment of the informant was necessary as the sole relevant source of information is, at best, minimally relevant and collateral to whether Rupp trafficked methamphetamine. The reliability of the informant was not a critical issue and was a step removed from the elements of the charges against Rupp. Thus, we find no error in the district court's decision to exclude inquiry into collateral issues on cross-examination.

## C.      Jail Call

Rupp argues the detective's testimony about the jail call was I.R.E. 404(b) evidence and an expert opinion, and that, on both grounds, the State failed to provide proper notice prior to the admission of the evidence. The State argues the detective did not give an expert opinion, and the evidence was not "other act" evidence as it was intrinsically related to the charged conduct. The State further asserts Rupp fails to show a lack of notice of required exclusion. Finally, even if the testimony was improperly admitted, the State contends any error was harmless.

A detective listened to a call Rupp made following her arrest wherein Rupp stated she would clean four rooms in houses in McCall for sixteen. On the first day of trial, the State disclosed its intent to call the detective to testify about the recorded phone call. The district court considered the lack of notice but ultimately found the evidence of "4 for 16" had already come in, so it was "essentially coming in another way through that recording." The district court stated that the evidence may show a connection between the previously testified to "4 for 16" and it was admissible if the State could "tie a bow between those two." The detective testified he understood this call to mean that Rupp had arranged to sell four ounces of methamphetamine to a McCall

6

buyer for $1,600. The detective testified he believed the call was code based on a prior explicit conversation Rupp had with another detective. During the original January drug buy, Rupp discussed with another detective a future exchange of "4 for 16" or four ounces of methamphetamine which would cost $1,600, and the detective indicated he was from the McCall area.

On appeal, Rupp argues the phone call testimony concerned a future transaction that never occurred and, without the requisite notice, the State was barred from introducing Rule 404(b) evidence. Moreover, Rupp argues the "decoding" was expert testimony that had not been properly disclosed. The State argues the call was directly intertwined with the trafficking charges and intrinsically part of the conduct, therefore, not "other act" evidence requiring notice. The Idaho Supreme Court has alluded to intrinsic evidence when the prosecution fails to provide notice, *State v. Sheldon*, 145 Idaho 225, 178 P.3d 28 (2008), but we need not extend application of that rule here because, even assuming error, such error was harmless.

A defendant is entitled to a fair trial, but not a perfect trial. *State v. Enno*, 119 Idaho 392, 408, 807 P.2d 610, 626 (1991); *State v. Estes*, 111 Idaho 423, 428, 725 P.2d 128, 133 (1986). Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). A defendant appealing from an objected-to, non-constitutionally-based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt. *State v. Temple*, 170 Idaho 148, 154, 508 P.3d 1222, 1228 (2022); *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010). Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and, at the same time, comparing it against the probative force of the error. *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

7

Turning to the probative force or prejudicial effect of the error, Rupp argues that she was not provided adequate notice of the State's intention to introduce testimony concerning the recorded jail conversation. However, as addressed by the district court, that testimony had already come in through the detective's testimony that Rupp had agreed to make a future deal of four ounces of methamphetamine for $1,600. The detective's testimony referred specifically to Rupp's dealings and connecting the prior transaction statement with the phone call did not present anything substantially new to the jury. The jury heard an audio recording of the January drug buy where Rupp and the detective discussed future exchanges and Rupp stated, "4 for 16." Thus, the probative force of the recorded jail call testimony is minimal.

On the other hand, the probative force of the record as a whole, excluding the jail call testimony, supporting Rupp's guilt beyond a reasonable doubt is substantial. The initial drug buy and subsequent search warrant demonstrated Rupp engaged in the coordinated transfer of large quantities of narcotics. Rupp personally participated in the January drug buy. Rupp communicated about a February drug buy but was arrested at the hotel she described and near the car that she had driven in the January drug buy, which yielded a large cache of methamphetamine upon being searched. Thus, weighing the probative force of the record as a whole and at the same time comparing it against the probative force of the error, the error in admitting the evidence was harmless. The error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error.

### D. Cumulative Error

Rupp also contends that the cumulative error doctrine applies, necessitating a reversal of her conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Rupp has failed to demonstrate at least two errors at her trial. As such, the cumulative error doctrine does not apply.

### E. Correction of Misdemeanor Sentence

Rupp argues the sentence on the paraphernalia count exceeds the one-year statutory maximum, and the judgment entered subsequent to pronouncement of sentence states that the sentence shall be served consecutively when the oral pronouncement did not so state. The State

agrees that Rupp's sentence on the misdemeanor paraphernalia charge exceeds the statutory maximum and is improperly memorialized in the judgment as a consecutive sentence.

At the sentencing hearing, the district court stated the trafficking counts would run consecutive to one another. The district court then stated that it would sentence Rupp to credit for time served in the amount of 457 days with zero days left to serve on the possession of drug paraphernalia charge. The court did not specifically state whether the paraphernalia sentence would run concurrently or consecutively. However, the written judgment of conviction indicated that the 457-day paraphernalia sentence, with credit for time served, would run consecutive to any other cases. Because the misdemeanor sentence exceeds the one-year maximum sentence and because the district court erroneously stated in the written judgment that the sentence would be served consecutively,[2] we order a limited remand to correct the paraphernalia sentence.

## IV.

## CONCLUSION

Rupp's judgment of conviction for trafficking in methamphetamine is affirmed. Rupp's judgment of conviction for possession of paraphernalia (misdemeanor) is also affirmed, but because the district court erred in sentencing on the possession of paraphernalia count, Rupp's sentence on that conviction is vacated, and the case is remanded for limited proceedings to correct the sentence consistent with this opinion.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[2]     If a court does not specify whether a sentence is to be served concurrently with or consecutive to another sentence, the sentence will be concurrent because, in the absence of a specification that it is to be consecutive, the defendant's service of the sentence will begin immediately. *State v. Boiser*, 149 Idaho 664, 667, 239 P.3d 462, 465 (Ct. App. 2010).

9